JAMES McCUMBER et al., who defend by their next friend, Guardian *ad litem*, Plaintiffs in Error, *v.* WILLIAM H. GILMAN, Defendant in Error.

#### ERROR TO BOONE.

The statutory remedy of foreclosure by *scire facias*, applies only to mortgages made to secure the payment of money. It does not extend to mortgages made to secure the delivery of specific articles of property or the performance of other acts.

THE judgment in this case was rendered by T. C. BROWNE, Justice, at April term, 1846, of the Boone Circuit Court. The plaintiffs in error, minor children of the mortgagor, now deceased, sue out this writ of error. The facts of the case will be found in the opinion of the Chief Justice.

WILLIAM T. BURGESS, for plaintiffs in error.

E. PECK, for defendant in error.

TREAT, C. J. In August, 1844, McCumber made a note to Gilman, by which he promised to pay, on the 1st of June, 1845,

$600, in internal improvement scrip, bearing interest from the 12th of July, 1840, (for scrip of similar description, loaned by Gilman to McCumber,) with three per cent. interest for the use thereof. At the same time, McCumber and wife conveyed certain real estate to Gilman, by way of mortgage, to secure the payment of the note. In April, 1846, Gilman sued out a *scire facias* against the administrator, widow, and heirs of McCumber, to foreclose the mortgage. A judgment was entered, and a special execution ordered for the sale of the mortgaged premises. A writ of error is now prosecuted to reverse the judgment.

The statute provides : " If default be made in the payment of any sum of money, secured by mortgage on lands and tenements duly executed and recorded, and if the payment be by instalments, and the last shall have become due, it shall be lawful for the mortgagee, his executors, or administrators, to sue out a writ of *scire facias* from the clerk's office of the Circuit Court of the county in which the said mortgaged premises may be situated, or any part thereof, directed to the sheriff or other proper officer of such county, requiring him to make known to the mortgagor, or if he be dead, to his heirs, executors, or administrators, to show cause, if any they have, why judgment should not be rendered for such sum of money as may be due by virtue of said mortgage." Rev. St. ch. 57, § 23. It is very apparent, that the statutory remedy of foreclosure by *scire facias*, applies only to mortgages made to secure the payment of money. It does not extend to mortgages made to secure the delivery of specific articles of property, or the performance of other acts. The mortgage in question was clearly not within the provisions of the statute. The note was not for the payment of money. It was simply a promise to pay internal improvement scrip, to the nominal amount of $600. If not paid at maturity, the payee could not claim to recover the sum named in money. In an action on the note, the true measure of damages would be the cash value of that many dollars of scrip, on the day it should have been delivered, and interest according to the terms of the contract. The case of Smith *v.* Dunlap, 12 Ill. 184, is conclusive of the question. The mortgagee has mistaken the appropriate remedy. He must bring ejectment to recover the ·

possession of the mortgaged premises, or resort to a bill in chancery to foreclose the mortgage. The case of Jackson *v*. Turner, 7 Wend. 458, is not in point. In that case, the mortgage was conditioned for the delivery of fifty barrels of salt; but it expressly authorized the mortgagee, on default, to sell the mortgaged premises, and retain out of the proceeds the sum of $500, together with the costs and charges of the sale. The court held the instrument equivalent to a mortgage for the payment of $500 in money, and sustained a statutory foreclosure. If this note or mortgage contained a provision fixing the value of the scrip in the event of a default in payment, the cases might be alike in principle. But there is nothing on the face of either instrument to indicate the real amount of the indebtedness. The amount does not rest in computation, but has to be ascertained by the testimony of witnesses.

The judgment must be reversed. *Judgment reversed.*