## CORNELIA RUSSELL

### *v.*

## WILLIAM H. BROWN *et al.*

1. WRIT OF ERROR—*effect of delay in prosecuting, not amounting to a bar.* Where the wife of a mortgagor, who had joined in the mortgage and was a party to a judgment of foreclosure thereof, after her husband's death, and after a lapse of more than twenty years from the time of rendering the judgment, sues out a writ of error to reverse such judgment, the property in the mean time having frequently changed hands and risen in value, the case will not receive any indulgence at the hands of the court, beyond what is required by the strict rules of law.

2. SERVICE OF PROCESS. It is sufficient service of a *scire facias* to foreclose a mortgage, where the defendants, husband and wife, indorse upon it their written acknowledgment of service of the writ, and pray the court to enter their appearance accordingly.

3. SAME—*proof thereof.* And the recital in the judgment that it appeared to the court that the defendants had been duly served with process, is satisfactory proof that the defendants did make the indorsement.

4. FORECLOSURE *by scire facias—in what cases allowable.* A mortgage which is given to secure the payment of money, may be foreclosed by *scire facias,* although the mortgagor was primarily liable for only a part of the debt thus secured, as to the residue his liability being merely secondary, and could only accrue in the event of nonpayment by other parties and notice.

5. ASSESSMENT OF DAMAGES *by the clerk—when allowable.* In a proceeding by *scire facias* to foreclose a mortgage given to secure the payment of certain bills of exchange of which the mortgagor was indorser, as well as a promissory note of which he was the maker, it is proper, as the damages rest in computation, for the court to direct the clerk to compute them. The court would instruct the clerk at what rate to compute them, both as to the interest and the legal damages for protest.

6. JUDGMENT *on foreclosure by scire facias against husband and wife—its form.* The judgment in a proceeding by *scire facias* to foreclose a mortgage against husband and wife, directed, first, that the plaintiff have and

recover a certain sum from defendants, and then directed how they were to recover it, that is, by the sale of the premises. The entire judgment, taken in connection with the record, was held to be merely a judgment *in rem*, and not a judgment *in personam*.

7. ERROR — *what character of error will reverse.* It is judicial errors of which an appellate court takes cognizance. Clerical errors are left for correction to the court where the error occurs. So an appellate court will not reverse a judgment merely for a clerical error which it sees by the record can be amended, and from which no injury can arise to the plaintiff in error.

8. CLERICAL ERROR — *what constitutes — misdescription of premises in a judgment.* The judgment in a proceeding by *scire facias* to foreclose a mortgage, in describing the land referred to a deed by which it had been conveyed, and gave the wrong date to the deed. This was held to be a mere clerical error, which could be corrected on motion in the court below by the files in the cause, and did not afford ground for reversal.

9. JUDGMENT *on foreclosure by scire facias — description of the premises.* A mortgagee has a right to an order of court for the sale of the mortgaged premises as they are described in the mortgage, unless the court can see that the description is of a character which cannot be rendered certain or definite.

10. A mortgage which was sought to be foreclosed by *scire facias*, described the premises mortgaged as "all that certain lot or parcel of land situated in the county of Cook, and State of Illinois, and being part of the northeast quarter" of a certain designated section, township and range, "being the same premises that were conveyed to" this mortgagor by the mortgagee, by deed bearing a certain date, "saving and excepting out of the same such lots as may appear to have been conveyed by" the mortgagor on the record of deeds previous to a certain date. The judgment of foreclosure gave the same description, and, on error, it was held sufficient. Whether the calls of description could be satisfied, was not a question arising on the writ of error, but could only arise when those claiming under the judgment should be called on to defend their title.

11. SCIRE FACIAS — *the court cannot reform the description of the land.* In this proceeding the court has no power to change the description of the mortgaged premises, if it appear not to be as definite in the mortgage as desired, as might be done on bill in chancery to foreclose, but the judgment must follow the description in the mortgage.

WRIT OF ERROR to the Superior Court of Chicago.

On the 20th day of October, 1845, William H. Brown and H. Griswold Hubbard, as executors of Elijah K. Hubbard, deceased, instituted proceedings in the County Court of Cook county to foreclose a mortgage by *scire facias*, the mortgage

having been executed to the testator in his life-time, on the 21st day of June, 1837, by John B. F. Russell and Cornelia Russell, his wife, to secure the payment of certain sums of money, as described in the following condition thereto :

"Whereas, the said Russell is justly indebted to the said Hubbard in certain sums of money, to wit : the said Russell being indorser on a certain bill or draft of E. H. Vell *on* J. C. Van Rensselaer, New York, dated July 19, 1836, payable nine months from date, for six hundred and sixty-six $\frac{66}{100}$ dollars, with damages, interest and expenses thereon. And, also, being indorser on a certain bill or draft of J. C. Van Rensselaer *on* E. H. Vell, of same date, and due and for the same amount, with damages, interest and expenses, which said bills have been protested for non-payment ; and said Russell, being also indorser on a certain promissory note of Maurice Wakeman in favor of Edward Shepard, or order, by him also indorsed, dated July 7, 1836, payable in twelve months, for the sum of fifteen hundred dollars, with interest and expenses ; and also the said Russell being indorser on a certain note signed by Henry Moore, in favor of Rogers & Markoe, or order, and by them indorsed, bearing this date, and due on the fifteenth of February next, for nine hundred and four $\frac{59}{100}$ dollars ; and also the said Russell being maker of a certain note payable to Rogers & Markoe, or order, of this date, payable in six months, with interest, for five hundred and forty-four $\frac{84}{100}$ dollars, and also by them indorsed over ; and also being indorser on a certain note of George W. Dole, dated June 19, 1837, payable in one year, for one thousand dollars : Now if the amount of each and all the above described notes and bills, with all damages, interest and expenses thereon, shall be well and truly paid to the said E. K. Hubbard, or his heirs or assigns, on or before the first day of February, 1838," the said deed to be void.

The *scire facias* recites, that all of the sums of money mentioned in the mortgage, except the last mentioned note to George W. Dole for one thousand dollars, remain wholly unpaid, and that they are due, etc.

The mortgaged premises are described in the mortgage as follows: "All that certain lot, parcel or piece of land situated in the county of Cook and State of Illinois, and being part of the north-east quarter of section number thirty-four, township thirty-nine, range fourteen east, being the same premises that were conveyed to said Russell by the said Hubbard, by deed bearing date about the 28th day of July, A. D. 1836, saving and excepting out of the same such lots as may appear to have been conveyed by said Russell on the record book of deeds previous to this date," which was the 21st of June, 1837.

On the back of the writ of *scire facias* appears this indorsement: "We hereby acknowledge service of this writ, and pray the court to enter our appearance accordingly.

"*October* 21st, 1845.            J. B. F. RUSSELL,
                                              C. RUSSELL."

On the 29th day of November, 1845, a judgment of foreclosure was entered of record in the following form:

" This day come the said plaintiffs by Cowles & Brown, their attorneys, and it appearing to the court that the said defendants have been duly served with process, and they being solemnly demanded come not or any one for them, but herein fail and make default, which is ordered to be entered. Therefore, it is considered that the said plaintiffs ought to recover of the said defendants their damages herein sustained on occasion of the premises; but because those damages are uncertain and unknown to the court, this suit being founded on an instrument in writing for the payment of money only, it is referred to the clerk to assess the same, and the clerk, having assessed the damages, reports that they amount to the sum of eighteen hundred and thirty-four dollars and eighty-one cents, which said report is ordered to be accepted and confirmed."

" Therefore, it is considered that the said plaintiffs, William H. Brown and H. Griswold Hubbard, executors as aforesaid, do have and recover of the said defendants, John B. F. Russell

and Cornelia Russell, his wife, their damages of eighteen hundred and thirty-four dollars and eighty-one cents, in form aforesaid assessed, together with their costs and charges by them about their suit in this behalf expended, and that they have execution against all that certain lot or parcel of land situated in the county of Cook, and State of Illinois, and being part of the north-east quarter of section number thirty-four, township thirty-nine, range fourteen east, being the same premises that were conveyed to said Russell by the said Hubbard, by deed, bearing date about the 28th day of July, 1831, saving and excepting out of the same such lots as may appear to have been conveyed by said Russell on the record book of deeds previous to the 21st day of June, 1837."

The record of these proceedings having been transferred to the office of the clerk of the Superior Court of Chicago, Cornelia Russell, the survivor of the defendants below, sued out this writ of error to that court, to the April Term, 1866, of this court, for the purpose of bringing in review the proceedings of the County Court in the premises. The specific objections taken to those proceedings are set forth in the opinion of the court.

Mr. J. S. PAGE, for the plaintiff in error.

Messrs. McALLISTER, JEWETT & JACKSON, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 21st of June, 1837, John B. F. Russell and Cornelia, his wife, the present plaintiff in error, executed a mortgage to Elijah K. Hubbard, to secure the payment of various notes and drafts upon some of which Russell was primarily, and upon others secondarily, responsible. The notes and drafts were six in number, and amounted in all to over five thousand dollars. At the November Term, 1845, of the Circuit Court of Cook county, the executors of Hubbard sued out a *scire facias* on this mortgage, and obtained a judgment for eighteen

hundred and thirty-four dollars and eighty-one cents. From an affidavit filed for the purpose of making certain persons parties to the writ of error as *terre tenants*, it appears that the mortgaged premises were sold under the judgment. This writ of error to reverse the judgment is now prosecuted in the name of Cornelia Russell, one of the parties to the judgment and the mortgage. It is more than twenty years since the judgment was rendered, during which time the property has probably changed hands many times, and, as stated in the argument of counsel on each side, risen immensely in value. It is now sought, by means of this writ of error, to recover pack property, with the disposition of which, in payment of a debt, the parties have rested content for twenty years. This belongs, therefore, to a class of cases which are not entitled to, and do not receive, any indulgence at the hands of a court, beyond what is required by the strict rules of law. If these have been violated to the injury of the plaintiff in error, she must, of course, receive redress.

The first error assigned was that the court acquired no jurisdiction of the persons of the defendants. The writ has the following indorsement:

" We hereby acknowledge the service of this writ and pray the court to enter our appearance accordingly.

     " (Signed)               J. B. F. RUSSELL,
                                C. RUSSELL."

The judgment recites that it appeared to the court that the defendants had been duly served with process. This brings the case fully within that of *Banks* v. *Banks*, 31 Ill. 164.

It is next urged that this mortgage was of such a character that it could not be foreclosed by a *scire facias*, and reference is made to the case of *McCumber* v. *Gilman*, 13 Ill. 542. In that case the mortgage was given to secure the delivery of a certain amount of internal improvement scrip. The court held, that a *scire facias* would not lie to foreclose a mortgage given to secure the delivery of specific articles of property, or the performance of any act, except the payment of money. Such,

indeed, is the language of the statute. But the mortgage in the case before us was given to secure the payment of money. On some of the instruments secured by the mortgage the liability had already accrued, and a debt was owing from the mortgagor to the mortgagee. On others his liability was secondary, and would only accrue in the event of non-payment by other parties and notice. But as to all the instruments, the mortgage was given merely to secure the payment of money, and was, therefore, within the terms of the act.

Whether the liability had accrued on all, was a matter which the court necessarily investigated at the time of rendering judgment, in the same way that it determines, when it renders a judgment upon a mortgage given to secure the payment of a note from the mortgagor to the mortgagee, whether the note has been paid. As to two of the drafts, the mortgage recites a protest, and admits the then existing liability of the mortgagor to the mortgagee. There was also a note made by the mortgagor, and indorsed by the payees to the mortgagee. There could be no question as to the power of the court to render judgment on a *scire facias* for the amount admitted by the mortgage to be due on the three instruments, and together they amounted to more than the judgment. We must presume, in the absence of a bill of exceptions, that the judgment was rendered for the amount which the court found due on these instruments, rather than on those where the liability of the mortgagor was only secondary. And that a judgment could be rendered on a *scire facias* for the amount thus due is undeniable.

It is also urged that the court erred in referring the assessment of damages to the clerk. But the damages rested in computation, and it was proper for the court to direct the clerk to compute them. The court would instruct the clerk at what rate to compute them, both as to the interest and the legal damages for protest.

It is also assigned for error, that a joint judgment was rendered *in personam* against both Russell and his wife, whereas the debt was the debt of the husband only. The commence-

ment of the judgment is in form *in personam*, it is true, but it proceeds to award a special execution against the mortgaged premises, describing them as described in the mortgage, and if there was an error in the form, it was one which could work this plaintiff in error no prejudice. She could not be made personally liable upon it, because the record would show that the proceeding was of a character in which a personal judgment could not be rendered, and the order of the court, taken as a whole, would be construed simply as fixing the amount due on the mortgage, and directing the sale of the mortgaged premises. It directs that the plaintiffs have and recover a certain sum from the defendants, and then directs how they are to recover it — to wit, by the sale of the premises. No court, inspecting the entire record and the entire judgment, would hold it to be any thing more than a judgment *in rem*, and to this judgment the wife was a proper party as decided in *Gilbert* v. *Maggord*, 1 Scam. 471.

Another error assigned is, that the description in the judgment, of the mortgaged premises is void for uncertainty. The premises against which execution is awarded are described in the judgment as follows:

" All that certain lot or parcel of land situated in the county of Cook, and State of Illinois, and being part of the north-east quarter of section number thirty-four, township thirty-nine (39), range fourteen (14) east, being the same premises that were conveyed to said Russell by the said Hubbard, by deed bearing date about the twenty-eighth day of July, A. D. 1831, saving and excepting out of the same such lots as may appear to have been conveyed by said Russell on the record book of deeds previous to the twenty-first day of June, A. D. 1837."

This description follows precisely the description in the mortgage, as set out in the *scire facias*, except that the mortgage refers to the deed from Hubbard to Russell, as bearing date the 28th of July, 1836, while the judgment refers to it as bearing date the 28th of July, 1831. This is evidently a mere clerical error, and one which, as has many times been decided

by this court, may be corrected on motion and notice at a subsequent term, by the files in the cause. In this case it could be corrected by the *scire facias.* An appellate court will not reverse a judgment merely for a clerical error which it sees by the record can be amended, and from which no injury can arise to the plaintiff in error. It is judicial errors of which an appellate court takes cognizance. Clerical errors are left for correction to the court where the error occurs.

Treating this discrepancy of dates as a mere clerical error, is this judgment to be reversed, as urged by the plaintiff in error, because of the alleged uncertainty in the description of the premises against which execution is awarded? We do not perceive how it can be so held. The court gave judgment for the sale of the mortgaged premises as it found them described in the mortgage. It could do no otherwise. It had no power to change the description in a proceeding of this character. On a *scire facias,* the mortgage is treated as a record, and the court must follow it. If the foreclosure had been by bill in chancery, the court would, on proper application and proof, have substituted a more definite description. But, in the case before us, it had no such power. How, then, can we reverse a judgment simply because the court did precisely what the law required it to do? Whether the description of the mortgaged premises is available will depend upon whether persons claiming under the judgment and execution can make the proof necessary to identify them. This question will arise when they are called upon to defend their title, and its decision will depend upon the evidence that may then be presented. Whether the calls of this description can be satisfied or not is not a question arising under this writ of error. The mortgagee had a right to an order of court for the sale of the premises as they were described in the mortgage, unless the court could see that the description was of a character which could not be rendered certain or definite, which was not the case here, and the mortgagee took his decree, and the purchasers took their title at their peril, and assuming the risk as to their ability to furnish proof to locate the land.

If a mortgage described the mortgaged premises as ten acres of land, part of a certain quarter section, and bounded by a line beginning at the north-east corner of a house then occupied by A B, and running thence south eighty rods, thence east twenty rods, thence south eighty rods, thence west twenty rods to the place of beginning, undoubtedly a court might, upon a *scire facias*, order the sale of the premises by such description, and if the house called for as the starting point could be proved, the purchaser under a sale would take the title of the mortgagor; but if it should prove there was no house on the land, the description would fail, and he would take nothing. So here, if the deed from Hubbard to Russell, referred to for the description, can be produced and identified, and that deed contains a description capable of definite location, and if it further appears that the property as to which the proof is offered was not within the excepting clause of the mortgage, then the purchaser making this proof will show a good title under the mortgage. The description here is of the same character as that which was held good in *Choteau* v. *Jones*, 11 Ill. 300; See also *Benedict* v. *Dillehunt*, 3 Scam. 287.

We have considered all the errors assigned, and deem none of them fatal to the judgment.

*Judgment affirmed.*