# JOHN S. WILLIAMS

*v.*

# ROBERT H. IVES.

1. Two NIHILS—*in proceeding to foreclose a mortgage by scire facias.* In a proceeding to foreclose a mortgage by *scire facias*, a judgment of foreclosure may be entered without personal service, upon a return of two *nihils* upon writs issued and returnable to different terms of the court, notwithstanding both writs were returned on the same days they were issued.

2. JUDGMENT *in such case—its form.* The judgment in a proceeding by *scire facias* to foreclose a mortgage, found the amount due upon the mortgage, and directed, first, that the plaintiff recover of and from the defendant the sum so found to be due, and then awarded a special execution for a sale of the mortgaged premises. This was held to be a judgment *in rem* and not *in personam.*

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. CHARLES EMERSON, Judge, presiding.

This was a proceeding by *scire facias* to foreclose a mortgage, instituted in the court below, by Ives against Williams. Two writs of *scire facias* were issued, returnable to different terms of the court, and both returned "*nihil,*" but the return was made in each instance on the same day the writ issued.

A default was entered and final judgment rendered in the following form :

"Now, on this 25th day of March, A. D. 1863, comes the plaintiff, by Messrs. Stuart, Edwards & Brown, his attorneys, and it appearing to the court that a writ of *scire facias*, and also, an *alias* writ of *scire facias*, have been returned by the sheriff, "*nihil,*" and the said defendant, being now three times solemnly called, comes not, but makes default. It is therefore considered by the court, on motion of the plaintiff's attorney, that his default be entered. And it appearing to the court that this suit is instituted to foreclose a certain deed of

mortgage filed herein, it is ordered by the court that said mortgage and the notes therein described, and secured thereby, be referred to the clerk, to assess the amount due thereon, and the clerk having reported that there is now due from the said defendant, to the said plaintiff, upon the said notes and mortgage, the sum of thirty-five thousand, eight hundred and seventy-five dollars and sixty cents; which report being approved by the court, it is therefore considered and adjudged by the court, that the plaintiff recover of and from the said defendant, the said sum of $35,875.60, together with his costs by him about his suit in this behalf expended, and that a special writ of *fieri facias* issue for the sale of the lands described in said mortgage, to wit:" (describing the lands as in the mortgage.)

The defendant thereupon sued out this writ of error, and now insists, *first*, that the writs were returned prematurely, and *second*, that the judgment is *in personam*, and not *in rem*, as it should be.

Messrs. McCOMAS & EMERSON, for the plaintiff in error.

Messrs. STUART, EDWARDS & BROWN, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding by *scire facias* to foreclose a mortgage. The first writ was issued on the 8th day of March, 1862, directed to the sheriff of Piatt county, and it was returned on the same day by that officer, endorsed, "not found." This writ was returnable on the fourth Monday of the same month. An *alias* writ of *scire facias* was issued on the 4th day of August, 1862, returnable on the fourth Monday of that month. The sheriff returned this writ on the day it
65—49TH ILL.

was issued, endorsed, "the defendant not found." The circuit court, at the latter term, entered a default, no appearance having been entered, had the damages assessed, and rendered judgment for the amount due upon the mortgage, and awarded a special execution for the sale of the mortgaged premises. The record is brought to this court on a writ of error, and a reversal is asked, because the sheriff returned the writs before the return day, and because, as is contended, the judgment is *in personam*, and not *in rem*.

The 23d section of the statute regulating judgments and executions, authorizes a judgment to be rendered on the return of two writs of *scire facias*, endorsed by the sheriff, "not found." It fails to provide that the writ shall be retained by the officer until the return day of the writ. It simply declares that if two writs are returned *nihil*, the court shall proceed to hear the case. Under this provision the writs should, no doubt, be returnable to two different terms, and should be placed in the officer's hands, and he must serve the same, if practicable. But it many times happens that the sheriff knows that the defendant is absent from the county and that he will not return before the term of the court to which the writ is returnable. He may know that he is permanently absent; that he has absconded under such circumstances as render it morally certain that he will not return, or that some other reason renders it certain that service cannot be had. If, as contended, the writ should not be retained by the sheriff until the last day, why not until the last moment of that day? A sheriff should, in the service of process, act with diligence and in good faith, and retain the writ until the return day if there is any hope of obtaining service, but he may, at his peril, return it at an earlier period.

The ancient strict and formal rules of the British courts, in regard to service of process and rules on parties, have never obtained in our courts, and under the more modern practice of those courts the rules have become much relaxed, and many

mere formal requirements have been dispensed with, as tend-
ing in nowise to promote justice; hence, many of their rules
are not applicable under our practice.

Again, there is not the same reason for personal service in
a case of this character as obtains in ordinary proceedings.
When a debtor executes a mortgage he knows that it will
probably be recorded, and if so, that the mortgagee may, after
the last installment becomes due, proceed to foreclose after
having two writs returned *nihil*, and as this involves a delay
until at least the second term after its maturity, and as he has
twelve months to redeem after a sale, he cannot be taken by
surprise, as, usually, as much as eighteen months must intervene
after the maturity of the debt before his redemption is cut off
by such a proceeding. It is not reasonable to suppose that a
person of any degree of prudence will let such a length of
time elapse after he knows that the mortgage can be foreclosed,
without, at the very least, inquiring if any steps have been
taken to foreclose his equity of redemption. These, with
other considerations, no doubt, induced the general assembly
to adopt these provisions as to service.

It has been held by this court, where relief is sought
by a creditor's bill, that a return of an execution, "no
property found," before the return day of the writ, is sufficient
upon which to base such a bill. *Brown* v. *Parkhurst*, 24 Ill.
257. In that case it was said that the officer's return " becomes
a matter of record, and is conclusive between the parties to
the judgment and the officer, only to be questioned in an action
for a false return. It shows *prima facie*, that the creditor has
exhausted his legal remedy, and chancery has jurisdiction. A
return cannot be compelled before the expiration of ninety
days, but the sheriff may take the responsibility of doing so
at an earlier day." The rule here announced is analogous in
principle to the question under consideration. That, like this,
related to the duty of an officer in the execution of a writ. In
the case of *Neally* v. *Redman*, 5 Clark, (Iowa R.) 387, where

a service by leaving a copy of the summons was authorized in case the defendant could not be found, and the officer left a copy at the residence of the defendant on the day the writ issued, it was held to be a good service, and that the return was not prematurely made. In principle that case is the same as this. We are, therefore, of the opinion that the returns in this case were sufficient to confer jurisdiction on the circuit court to render the judgment.

It remains to determine, whether the judgment is *in personam* or *in rem*. In the case of *Russell* v. *Brown*, 41 Ill. 183, a judgment substantially similar to this, was held to be valid and binding. We there said, "the commencement of the judgment is, in form, *in personam*, it is true, but it proceeds to award a special execution against the mortgaged premises, describing them as described in the mortgage, and if there was an error in the form, it was one which could work the plaintiff in error no prejudice. She could not be made personally liable upon it, because the record would show that the proceeding was of a character in which a personal judgment could not be rendered, and the order of the court, taken as a whole, would be construed simply as fixing the amount due on the mortgage, and directing the sale of the mortgaged premises. It directs that the plaintiffs have and recover a certain sum from the defendants, and then directs how they are to recover it, to wit, by a sale of the premises. No court, inspecting the entire record and the entire judgment, would hold it to be anything more than a judgment *in rem*." That case is decisive of this question, and must control. The two judgments are essentially alike, and no reasonable distinction can be taken between them.

This judgment does not award a general execution, which is held to be error, but awards a special writ for the sale of the mortgaged premises, naming them in the judgment. We are unable to see that plaintiff in error could be prejudiced in the slightest degree by the form of this judgment. A special

execution was issued requiring the mortgaged premises to be sold, which was done, and the judgment was satisfied, and appellant could not be held liable for anything more under this judgment.

We perceive no error in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*