# ALEXANDER R. CHESTNUT

*v.*

# EMILY CHESTNUT.

1. PLEADING—*carrying demurrer back.* Under the rules of pleading, a demurrer may be carried back, except where the general issue may intervene, and made to reach the first defect in pleading, no matter by which party committed.

2. ALIMONY—*whether record shows allowance pendente lite.* On bill by a husband for divorce, on the 12th day of August the judge's minutes showed the allowance of alimony to the wife, at the rate of $1600 per annum, until the suit should be disposed of, and on the next day the complainant dismissed his bill, by leave of court, before the order for alimony had been entered of record or signed: *Held,* that the dismissal suspended all further action as to alimony, as the court thereby lost all jurisdiction of the parties and of the subject matter.

3 SAME—*dismissal of bill operates to revoke order for temporary alimony.* Where a bill by a husband for divorce is dismissed by leave of court, it operates as a revocation of an order allowing the wife temporary alimony.

4. SCIRE FACIAS—*when it lies.* *Scire facias* is a judicial writ, founded upon a record, and when brought to enforce the payment of money, it must be for a specific sum, or perhaps, in addition thereto, interest or exchange, as an incident to the debt.

5. It will not lie upon the record of an order for the payment of alimony pending a suit for divorce, when a resort to evidence *dehors* the record would be necessary to ascertain the amount due.

6. HUSBAND AND WIFE—*wife's right to sue husband.* A married woman can not maintain an action at law against her husband in any case, except for the purpose of enabling her to recover and enjoy her separate property.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This was a proceeding by *scire facias.* commenced by Emily Chestnut, against Alexander R. Chestnut. upon a supposed record of an order for the payment of temporary alimony.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellant.

Messrs. DUMMER & BROWN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This proceeding was commenced by *scire facias,* on what purports to be a record in the Morgan county circuit court. During the pendency of a suit brought by defendant in this action against plaintiff, for divorce, the court made an order for temporary alimony. The order directs the payment of certain sums of money to the wife, for alimony, at the rate of $1600 per annum. from the date of the service of process until the termination of the suit; that the sum of $400 of the amount so allowed be paid her within twenty days, and thereafter, computing from the 19th day of June, 1873, there be paid to her, quarterly, the sum of $400, and should the suit be disposed of before the expiration of any quarter, then a ratable proportion only should be paid. It is averred, this order was made on the 12th day of August, 1873, and that on

the next day, complainant, by leave of court, dismissed his bill. It is further averred, there was due plaintiff, under this order, $639.88, when this proceeding was commenced, no part of which had been paid.

Defendant filed two pleas, in substance the same, in which it is averred the order allowing temporary alimony, as set forth in the *scire facias,* was in fact made on the 16th day of August, 1873, after the bill had been dismissed on the 13th day of the same month, and at that time the court had no jurisdiction of either the person of defendant or the subject matter of the suit. The replication is, that the record, as set out, remains in the Morgan county circuit court, which plaintiff is ready to verify, and prays the record may be inspected. Defendant interposed a demurrer to the replication, which was carried back, and by the court sustained to both pleas. That decision is assigned for error.

The rule is, the demurrer may be carried back, except where the general issue may intervene, and made to reach the first defect in pleading, no matter by which party committed. On this principle, we are of opinion, the demurrer should have been carried back and sustained to the *scire facias.*

An additional record is recited in the *scire facias,* in substance that the record previously alleged to have been made on the 12th day of August, 1873, was signed on the 16th day of August, after the bill had been dismissed on the 13th day of August, by complainant. under leave of the court, and that the records show, substantially, the opinion of the court as announced on the 12th day of August, the minutes of the decision having been entered on the judge's docket on that day. What was intended to be expressed by this order, is involved in some obscurity; but if it means anything, it is, that no order had been entered of record allowing alimony, on the 13th day of August, when complainant obtained leave and dismissed his bill. The court had announced its opinion on the motion for alimony, but no order in fact had been

entered. No order having been signed or entered of record. it seems to us the fact the bill was dismissed by leave of court, suspended all further action. The court had then lost all jurisdiction of the persons of the parties or the subject matter of the suit.

But aside from this view, upon principle. it would appear the dismissing of the bill would operate to revoke the order allowing temporary alimony. Such a provision is for her immediate support, and to enable her to meet the expenses of her defense pending the litigation. When the bill was dismissed, the husband's common law liability to support his wife was revived, and the necessity for alimony did not exist. It will be presumed he discharged his obligation in that regard; at all events. the liability remained, and it would be oppressive to impose upon him the payment of an additional sum deemed sufficient to support her if living separate and apart from him.

*Scire facias* is a judicial writ, founded upon a record, and when brought to enforce the payment of money, it must be for a specific sum, or perhaps, in addition, interest or exchange, as an incident to the debt. But there is no such record declared on in this action.

It may be that *scire facias* is a more appropriate remedy to compel payment of alimony, where the amount is fixed and payable at stated periods, or by installments, after final decree of divorce, than by attachment or proceedings for contempt in not complying with the order of the court. It was so regarded in *Morton* v. *Morton*, 4 Cush. 518, and the reasoning of the eminent judge who delivered the opinion of the court seems unanswerable. But the difficulty lies in the application of the remedy to the facts of this case. What purports to be an order, made on the 12th day of August, was only for temporary alimony, and was to be at the rate of $1600 per annum, from the date of the process until the termination of the suit; and in case the suit should be disposed of before the expiration of any given quarter, only a ratable proportion

should be paid. *Scire facias* will not lie upon such a record. Before it could be known what amount is due, resort must be had to evidence *aliunde.* The amount claimed, in the present action, to have accrued to plaintiff, under the order, is $639.88, and whether that is the true amount, is a matter of evidence. It will be observed, the amount claimed to be due has not been ascertained by the judgment of the court, nor does it rest in computation. Strictly speaking, no evidence can be heard on *scire facias* other than the record declared on. *McCumber et al.* v. *Gilman,* 13 Ill. 542. Some departure from this rule has been suffered, in permitting evidence to be heard as to the amount of that which is due as an incident to the principal sum, such as interest, exchange, and, in one case, as to what would be a reasonable attorney's fee, to be taxed as costs, as by the agreement of the parties to the record. *Camp* v. *Small,* 44 Ill. 38; *Clawson* v. *Munson,* 55 Ill. 394. These are exceptions to the rule, but they do not militate against the general doctrine.

There is yet another objection, that is fatal to this whole proceeding. By no statute in this State has the common law been so changed as to permit a married woman to sue her husband in an action at law. *Scire facias* is a suit at law. We have no warrant, under any statute or otherwise, for holding a married woman has any right to an action at law against her husband, except in cases where it may be deemed indispensable to enable her to recover or enjoy her separate property, secured to her by the statute, as has been suggested in the reasoning in *Emerson* v. *Clayton,* 32 Ill. 493, and in *Martin et al.* v. *Robson,* 65 Ill. 129. In *Emerson* v. *Clayton.* it was thought the "sole control" which the statute gives a married woman over her separate property, necessarily confers the power to do whatever is needful to the effectual assertion and maintenance of that right, and the statute, by implication. gave her power to prosecute suits for its recovery, in her own name, for any unlawful interference with it, even against her husband; but further than that the law has not

gone.  If the provisions of the common law which prohibit a husband and wife from prosecuting suits at law against each other are to be repealed. altered or modified, it must be done by legislative action.  We ought not to make so radical a change in the law by judicial construction.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*