Bernice Busch et al., Appellants, v. Nelse G. Humphrey et al. Lester Moss, Appellee.

Gen. No. 8,461.

468

Opin-
ion filed April 14, 1931.

STONE & TAYLOR and BRANSON WRIGHT, for appellants.

No appearance for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case, a writ of error is prosecuted from an order of the circuit court of McLean county, dismissing a writ of scire facias sued out by the appellants Ralph C. Humphrey, Harry N. Humphrey, Frank B. Humphrey and Emma M. Humphrey, legal heirs of Nelse G. Humphrey, to revive a money decree judgment for the sum of $225, rendered on June 4, 1923, against the appellee Lester Moss.

The court dismissed the writ "upon the ground that it is not a case where a decree in chancery may be revived by a writ of scire facias."

The legal propriety of the court action in dismissing the writ presents the only question for review. In *Chestnut v. Chestnut*, 77 Ill. 346, the Supreme Court defines the legal function of the writ of scire facias as follows: "Scire facias is a judicial writ, founded upon a record, and when brought to enforce the payment of money, it must be for a specific sum, or perhaps, in addition, interest or exchange, as an incident to the debt."

Under our statute a decree for the payment of a definite sum of money is in the same legal category as a judgment at law. Section 44 of the Chancery Act, Cahill's St. ch. 22, ¶ 44, provides that "A decree for money shall be a lien on the lands and tenements of the party against whom it is entered, to the same extent

and under the same limitations as a judgment at law.'' And section 47 provides that when ''there shall be no direction that a master in chancery or commissioner execute a decree, the same may be carried into effect· by execution, or other final process, according to the nature of the case, directed to the sheriff or other officer of the proper county; which, when issued, shall be executed and returned by the sheriff or other officer to whom it may be directed, and shall have the same operation and force as similar writs issued upon a judgment at law.''

''Strictly speaking, scire facias is a proceeding at law, and hence not available to enforce a decree of a chancery or other court. But where a statute authorizes writs of execution to issue for the enforcement of decrees in chancery, probate, and other courts, such decrees are substantially placed on the same basis as judgments of law; and power to prosecute proceedings thereon by scire facias is impliedly conferred.'' 24 R. C. L. 669; 122 Am. St. Rep. 76 *et seq*. Corpus Juris states the general rule as follows: ''According to the weight of authority such an action is maintainable where the decree is solely for the recovery of a specific sum of money and subject to no conditions.'' 21 Corpus Juris Sec. 868, p. 698.

''When decrees may be enforced by execution, there seems to be no reason why they should not be deemed to possess the corresponding right of revival, and may be equally subject to the necessity therefore in order to remain enforceable. This has been held to be true of a divorce decree for alimony.'' 2 Freeman on Judgments 5th Ed. p. 2270.

Our Supreme Court recognized the principle above announced and the right to enforce a decree for the payment of money by scire facias in *Chestnut v. Chestnut, supra,* in which case the court said: ''It may be that scire facias is a more appropriate remedy to com-

pel payment of alimony, where the amount is fixed and payable at stated periods, or by installments, after final decree of divorce, than by attachment or proceeding for contempt in not complying with the order of the court. It was so regarded in *Morton v. Morton*, 4 Cush. 518, and the reasoning of the eminent judge who delivered the opinion of the court seems unanswerable.''

In view of the foregoing authorities, we conclude that the order of the court dismissing the writ of scire facias is erroneous; and it is therefore reversed and the cause remanded with directions to enter a judgment of revivor.

*Reversed and remanded with directions.*