CHARLES O. NICKERSON *et al.*, Plaintiffs in Error, *v.* AMOS BABCOCK, Defendant in Error.

ERROR TO MASON.

*A suit cannot be maintained before a demand is due.*

*When a note contains a stipulation on the part of the payor, that in case suit is brought on the note, he will pay ten dollars, attorney's fees, the ten dollars is not due till after suit is instituted, and cannot be included in the judgment.*

THIS was an action of assumpsit on an instrument as follows:

$753.68. By the fifteenth day of January next, 1858, we jointly and severally promise to pay Amos Babcock, or order, Seven Hundred and Fifty-Three 68-100 Dollars, for value rec'd. And we further agree if the above note is not paid without suit, to pay ten dollars addition to the above, for attorney fees.

Canton, Feb'y 9th, 1858.               C. O. NICKERSON.
                                        JAMES ROBB.
                                        JOHN J. FAST.

The declaration contained one special, and the usual money counts.

Plea of the general issue, and several special pleas, setting up a defense as to part on the ground of usury.

The plaintiff admitted that all of the amount mentioned in said instrument of $753.68, over and above the sum of $428, was illegal and usurious interest, and that he claimed judgment for only said $428, and the $10 for attorney's fees mentioned in said instrument in addition.

Verdict and judgment for the plaintiff, for $438.

JUDD, BOYD & JAMES, for Plaintiffs in Error.

The instrument sued on is a simple contract, and not a promissory note. The undertaking in these words: "We further agree, that if the above note is not paid without suit, to pay ten dollars addition to the above for attorney fees "—requires proof *aliunde* the contract itself, to establish the ten-dollar liability, that is, extrinsic proof that suit was commenced. *Lowe* v. *Bliss et al.*, 24 Ill. 168.

And being a simple contract, a consideration should have been proved as passing to all of the defendants, in order to a recovery, even if we admit, (which we do not), that this particular instrument was admissible in evidence at all under the declaration in the case. *Lowe* v. *Bliss et al.*, 24 Ill. 168.

No consideration was proven in this case, except as to the defendant, Nickerson, below. On the contrary, the evidence shows affirmatively (page 2 of abstract—Barrere's testimony) that defendants Robb and Fast received no part of the consideration, and that the whole of it passed to Nickerson. Nevertheless judgment was rendered against all three of the defendants below, all the evidence being offered and received under the common counts, under objection and exception, the special count not describing the instrument properly.

The contract " to pay $10 addition for attorney fees, if the above note is not paid without suit," is an agreement to pay money in the nature of special damages, such as cannot be recovered under the common counts, but must be under special averment and proof. *Frazer et al.* v. *Laughlin et*

Nickerson *et al.* v. Babcock.

*al.*, 1 Gilm. 364; *Hamilton, etc.*, v. *Wright, etc.*, 1 Scam. 582; *Russell et al.* v. *Hamilton*, 2 Scam. 56; *Eddy et al.* v. *Roberts*, 17 Ill. 508.

No recovery can be had under the common counts where anything remains to be done but the payment of the money. The plaintiff in the case had to bring suit before the ten-dollar item became chargeable to defendants below, under the contract; hence, that item could not be recovered under the money counts, nor indeed at all in the same suit, the commencement of which created the liability. *Eddy et al. v. Roberts*, 17 Ill. 508; *Lane et al.* v. *Adams*, 19 Ill. 168; *Tennison et al.* v. *Field et al.*, 24 Ill. 109; *Eggleston* v. *Buck*, 24 Ill. 263.

The ten-dollar item for attorney's fees was included in the judgment which was for $438, while plaintiff only claimed $428, independent of $10 for attorney's fees. The " suit " being a condition precedent to the $10 liability, the judgment was erroneous in this respect.

If the ten-dollar item could in any event have been legally recovered in the suit below, it certainly could not without proof that it had become due and payable by means of the commencement of the suit on the instrument. And on this point there was no proof whatever offered to the jury; therefore the verdict and judgment were for $10 too much, and the instruction asked by the defendants was improperly refused. The jury could not take notice, without evidence, that suit was commenced on the contract. The papers in the case ought at least to have been introduced in evidence.

G. BARRERE, for Defendant in Error.

WALKER, J. The note upon which this suit is brought, contains this condition : " And we further agree, if the above note is not paid without suit, to pay ten dollars in addition to the above for attorney fees." This presents the question, whether this ten dollars can be recovered in the same action, with the principal of the note. It is only payable upon a contingency, and that can never occur until suit is brought to

enforce the payment of the note. This sum was not due until suit was instituted, and no rule of practice is more uniformly recognized, than that a suit cannot be maintained before a demand is due. The plaintiff is, therefore, limited in his recovery, to the debt or damages due at the time of suing the writ. The ten dollars in this case was not due when the writ issued, and consequently was improperly included in the assessment of damages.

The judgment of the court below is therefore reversed, and the cause remanded.

*Judgment reversed.*