### Martin Dunn

*v.*

### Caroline Rodgers *et. al.*

1. SHERIFF'S RETURN — *leave to amend.* Held, that the court may grant leave to a sheriff to amend his return to process either before or after a decree is rendered in the case, and that it is not error to grant such leave without notice to the opposite party. The return is not the service, but only the evidence of it. The officer makes the return to process at his peril; if false, he is liable to an action for the false return.

2. DECREE — *error on a bill of review.* Where a decree of foreclosure finds the amount of the debt due, and under a provision in the mortgage authorizing a decree for an attorney's fee, and for expenses of the mortgagee in bringing suit, and the master reports an attorney's fee of ten dollars, and the mortgagee two dollars for expenses, which is approved, but the court, in rendering the decree, added twelve dollars as an attorney's fee, but nothing for expenses: *Held,* the amount being the same, there was no error in the decree.

3. SAME — *error removed by sale of property.* Where the purchaser of the equity of redemption of mortgaged property is made a defendant to a bill to foreclose, it seems to be error to render a decree, that he pay the mortgage debt. The decree should be against the mortgagor, but by the sale of the mortgaged premises in satisfaction of the debt, the error is removed, and as the purchaser of the equity of redemption thus ceases to be liable, he cannot impeach the decree on a bill of review.

4. DECREE — *sale under — redemption.* Under the statute a mortgagor has twelve months within which to redeem the premises sold under a decree of foreclosure, and the purchaser of the equity of redemption succeeds to the same rights, and where he is made a party to a foreclosure, he must redeem within that time or be barred. Not being a judgment creditor he cannot claim a longer period.

APPEAL from the Circuit Court of Monroe county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a bill of review, filed by Martin Dunn, in the Monroe Circuit Court against Caroline Rogers, James A. Kennedy, Sarah Cook, Margaret Cook, Ellen Cook and Thomas Cook.

The bill seeks to impeach and reverse a decree previously rendered, foreclosing a mortgage executed by Alexander Cook and Sarah Cook, his wife, to the trustees of schools, T. 2, S. R. 11 W., for the interest due and unpaid on a debt owing by Cook to the school fund, on a number of tracts of land. The mortgage contained a clause, that if default should be made in the performance of the covenants in the deed, the mortgagor would pay all costs and expenses, including an attorney's fee, which might be incurred in collecting the same. Complainant, who had purchased the equity of redemption, was made a defendant to the suit for a foreclosure, as well as Cook's heirs, he having previously died.

A reference was had, and the master reported, that there was interest due on the mortgage the sum of eighty-four dollars, and that ten dollars was a reasonable attorney's fee, and that two dollars was reasonable compensation to the treasurer for his trouble in foreclosing the mortgage. The master's report was approved, and the decree was for the interest reported due by the master, and for twelve dollars as an attorney's fee, saying nothing about the two dollars reported in favor of the treasurer. This is assigned for error in the bill of review.

It is also assigned for error, that the return of the sheriff fails to show the summons was served on complainant. It is alleged, that complainant tendered the redemption money to Caroline Rodgers, the purchaser, after the expiration of twelve months from the sale, and within fifteen months, but she refused to receive the money as a redemption.

Defendant, Caroline Rodgers, answered, denying all irregularity and error in the decree, but admits the foreclosure sale, and the making of a deed to the purchaser by the master. That if complainant ever had any interest in the premises, it was barred and foreclosed by the bill. She admits the tender and refusal as alleged. Kennedy answered substantially the same. Replications were filed.

It appears, that, on leave, the sheriff subsequently amended his return, so as to show, that all of the defendants were served in the foreclosure suit.

The cause was heard on bill, answers, replications, exhibits and proofs, and the court refused to grant the relief sought, and rendered a decree dismissing the bill. To reverse which, complainant brings the case to this court by appeal, and assigns the rendition of the decree as error.

Messrs. H. K. S. O'Melveny and H. C. Talbot, for the appellant.

Messrs. W. H. Underwood and Kenedy, for the appellees.

Mr. Chief Justice Walker delivered the opinion of the Court:

It has been held, that the court may authorize a sheriff to amend his return, either before or after the rendition of a judgment or decree. And this, too, without notice to the opposite party of an intention to apply for leave to amend. *Montgomery* v. *Brown*, 2 Gilm. 581; *Moore* v. *People*, 3 id. 149; *Johnson* v. *Donnell*, 15 Ill. 97; *Morris* v. *Trustees of Schools*, id. 266; *Turney* v. *Organ*, 16 id. 43. The indorsement made by the sheriff is not the service, but only affords evidence of the fact: Where the sheriff amends his return, he by no means changes the fact, but simply the evidence. He makes the return and the amendment on his responsibility and at his peril. If false, as amended, he is liable to an action for a false return. There was therefore no error in the return, as amended, upon which the decree sought to be reversed by this bill was based. When the amendment was made, the error was removed and could not be urged under the bill of review.

It is again insisted, that the original decree was erroneous, as it was rendered far too large an amount. By the terms of the note, to secure which the mortgage was given, it provided for the payment of twelve per cent interest, semi-annually and in advance. There were then four installments due, which

amounted to the aggregate sum of eighty-four dollars, as interest. The note and mortgage provided for the payment, by the debtor, of a lawyer's fee, and for expenses and trouble of the treasurer if suit should be brought. The decree sought to be reversed recites, that the master had reported eighty-four dollars interest as being due, and a solicitor's fee of twelve dollars, and approves the report and orders the payment of ninety-six dollars, within thirty days, and in default thereof, orders the sale of the mortgaged premises. It is insisted, that the master reported a solicitor's fee of but ten dollars. This is true, but he also reported two dollars for the treasurer's expenses, making the sum, when added, required to be paid by the decree. But, if this were not so, we should not be disposed to reverse a decree for so small a mistake in the sum due.

It is insisted, that the court erred in the rendition of the decree, which this bill seeks to reverse, by ordering the defendants to pay the money, plaintiff in error only being a nominal party, he having purchased the premises of Cook, subject to the mortgage. While the decree would have been more regular, had it been against Cook alone, for the money, still it appears that plaintiff in error has no right to complain, as the error was removed by the sale of the mortgaged premises. A decree against him, unsatisfied by the sale of Cook's property, might affect him, as in such a case, it would have left him liable for the decree; but the objection to the decree was removed by selling the premises and satisfying the decree.

When plaintiff purchased the property of Cook, he succeeded to his rights, but nothing more. Cook, or his heirs, had twelve months within which to redeem, and by the purchase of the equity of redemption he acquired that right. And, having failed to exercise it, and having been made a party to the suit to foreclose, and to the decree, his rights are barred, and the equity of redemption foreclosed. As the foreclosure was not strict, the defendants to the decree had twelve months, under the statute, within which to redeem, and creditors three months longer. But plaintiff in error, not being a

creditor, cannot claim the right longer than twelve months. *Ross* v. *Mead*, 5 Gilm. 171. No error is perceived in this record for which the decree of the court below should be reversed, and it is therefore affirmed.

*Decree affirmed.*