394          CLAWSON *et al. v.* MUNSON.          [Sept. T.,

Syllabus.   Opinion of the Court.

## WILLIAM CLAWSON *et al.*

*v.*

## MERRITT MUNSON, use, etc.

FORECLOSURE—*recovery of attorney's fee. Held,* where a mortgage, given to secure the payment of three promissory notes calling for a specific sum of money, with interest thereon, provided, in express terms, that in case of default in payment, the mortgagor shall "pay all costs of collection of said sum of money," and also all "attorney's fees," that in a proceeding by *scire facias* to foreclose, under the twenty-third section of chapter forty-seven, revised statutes of 1845, a reasonable amount could be recovered for attorney's fees, although such amount does not rest in computation, but must be ascertained by evidence *aliunde,* and the objection, that no attorney's fee was due at the commencement of the suit will not avail.

APPEAL from the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

The opinion states the case.

Messrs. BUCKLES & WELLS and Messrs. CRAWFORD & BECK, for the appellants.

Messrs. SHAW & CRAWFORD, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the ninth day of July, 1866, William Clawson was indebted to Merritt Munson in the sum of $3000, for which he executed to him his three promissory notes.  On the same day, William Clawson and his wife, Jane, conveyed certain real estate to Munson, by way of mortgage, to secure the payment of the said notes.

In January, 1870, Merritt Munson, who sues for the use of Andrew Crawford, sued out a writ of *scire facias* against the

appellants to foreclose the mortgage. The cause was submitted to a jury, who returned a verdict for the appellee, on which the court entered judgment, and ordered a special execution for the sale of the mortgaged premises. To reverse that judgment this appeal is now prosecuted.

The mortgage contained a clause, in which it was provided, that in case the sum of money secured thereby was not paid according to the tenor and effect of the notes, the mortgagor would " pay all attorney's fees for the collection of said sum of money." The error assigned is, that the court erred in permitting evidence to be offered on the trial, on the part of the appellee, to show what would be a reasonable attorney's fee for the collection of the sum of money secured by the mortgage, and in entering judgment on the verdict, which found, in addition to the amount due on the mortgage for principal and interest, the sum of $110 as such reasonable attorney's fee.

Two objections are made to the rulings of the circuit court.

First, that attorney's fees are not recoverable in a proceeding by *scire facias* to foreclose a mortgage, for the reason that the amount thereof does not rest in computation, but must be ascertained by evidence *aliunde*.

Second, that no attorney's fees in this instance were due at the commencement of the suit.

This proceeding was commenced under the twenty-third section of chapter forty-seven, R. S. 1845. That section provides, that the " court may proceed to give judgment, with costs, for such sum as may be due by said mortgage, or appear to be due by the pleadings, or after the defense, if any be made."

This language would seem to be broad enough in its terms to include any money demand due on the mortgage, as exchange, or attorney's fees, when expressly provided for, although the amount does not rest wholly in computation, and although resort must be had to evidence *aliunde* to ascertain the exact amount of the same.

The case of *McCumBer et al.* v. *Gilman*, 13 Ill. 542, was a proceeding by *scire facias* to foreclose a mortgage given to

secure a note for $600, payable in " internal improvement scrip." The court held, in that case, that the action would not lie. The court say : " It is very apparent that the statutory remedy of foreclosure by *scire facias* applies only to mortgages made to secure the payment of money. It does not extend to mortgages made to secure the delivery 'of specific articles of property, or the performance of other acts. The note was not for the payment of money."

The reason assigned for the decision in that case is, that if the note was not paid when due, the party could only recover the value of the " internal improvement scrip." The mortgage, therefore, was not to secure a purely money demand, but was to secure the delivery of a specific article of property, namely, " internal improvement scrip."

It seems to us that the case now before us can be distinguished on principle, from the case of *McCumber* v. *Gilman.* In the present instance, the notes secured by the mortgage are for the payment of a specific sum of money, with the interest thereon. The mortgage sought to be foreclosed provides, in express terms, that in case of default in payment, the mortgagor shall " pay all costs of collection of said sum of money," and also, all " attorney's fees." It would do no violence to the language used in the mortgage, to hold that the attorney's fees provided for, may fairly be considered as a part of the costs of collecting the principal sum of money secured by the mortgage, and which the mortgagor agreed should be taxed against him in case of non-payment at the maturity of the notes.

The case of *Camp* v. *Small,* 44 Ill. 38, was a proceeding by *scire facias* to foreclose a mortgage. The note secured by the mortgage, in that case, was payable with exchange on New York: It was insisted, that the judgment was for more than the note and interest, but the court held, that inasmuch as there was no bill of exceptions in the case, it would be presumed that evidence was heard on the trial to ascertain the amount due for exchange. It does not seem to have been questioned in that case that evidence could be heard for that

purpose. In analogy to the rule there stated, we can perceive no reason why evidence *aliunde* could not properly be introduced to ascertain what would be a reasonable attorney's fee under the provisions of the mortgage.

We think the second objection is not well taken.

The same objection was taken in *Dunn* v. *Rogers et al.* 43 Ill. 260, and that case must be held to control this. In that case, the mortgage contained a clause, that if default should be made in the performance of the covenants of the deed, the mortgagor would pay all costs and expenses, including an attorney's fee, which might be incurred in collecting the same, and the court held, that the attorney's fee could be recovered.

The question in *Nickerson* v. *Babcock*, 29 Ill. 497, was very different from the one in the case before us. In that case, the note sued on contained a provision, that if the note was not paid without suit, the makers would pay ten dollars additional thereto for attorney's fees. It was held, that the attorney's fees did not become due until after the suit was commenced, and, therefore, could not be recovered in that suit.

In the case now before us, it is agreed, in express terms, by the mortgagor, in case of default in payment, that the attorney's fee shall be paid as a part of the costs of collecting the sum of money secured by the mortgage. The agreement to pay such fees is a part of the security itself, and no reason is perceived why the costs incident to the collection of the sum of money secured by the mortgage should not be made a part of the judgment or decree, in case the mortgage had to be foreclosed.

It is insisted in argument, that this is an oppressively hard case; that the appellee has obtained judgment for ten per cent liquidated damages over and above the eight per cent interest reserved in the note, and now seeks to obtain the additional sum of $110 for his attorney's fees. We can only say, that the appellants provided, by their express agreement in the mortgage, for all the consequences that have followed, in case of default in prompt payment, and that they could have avoided all

hardships by paying the notes at maturity.   It is not in the power of the court to relieve a party from the force and consequences of his own agreement.

Perceiving no substantial error in the record, the judgment is affirmed.

*Judgment affirmed.*