John D. Easter *et al.*

*v.*

Joseph H. Boyd.

PROMISSORY NOTE—*effect of clause in providing for costs of collecting in case of a suit.* In a suit upon a promissory note containing a provision that, "if not paid when due, and the same is sued, ten dollars if sued in justice's court, and twenty-five dollars if sued in district or circuit court, additional, to defray the expenses of plaintiff for his suing the same, to be entered up as a part of the judgment," it was *held*, that the additional

sum thus provided to be paid did not become due upon a failure to pay the note at maturity, but only after suit brought, and hence could not be recovered in that suit.

APPEAL from the Circuit Court of Livingston county; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. A. E. HARDING, and Mr. O. CHUBBUCK, for the appellants.

Mr. JASON W. STREVELL, and Mr. JOSEPH F. CULVER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by John D. Easter & Co., in the circuit court of Livingston county, against Joseph H. Boyd, upon three promissory notes executed by the latter, and payable to the former, one for $22.40, one for $50 and the other for $100.

Each of the notes contained the following provision : " If not paid when due, and the same is sued, ten dollars if sued in justice's court, and twenty-five dollars if sued in district or circuit court, additional, to defray the expenses of plaintiff for his suing the same, to be entered up as a part of the judgment."

Upon a trial of the cause, the court rendered judgment for the principal and interest due upon the notes, but refused to allow anything under the agreement in the notes providing for allowing fees, and the only question presented by the record is, whether the plaintiffs, under the provision contained in the notes, were entitled to recover, as attorney's fees, $75, in addition to the principal and interest due upon the notes.

In *Nickerson et al.* v. *Babcock*, 29 Ill. 497, where the note in suit contained a provision as follows : " We further agree, if the note is not paid without suit, to pay ten dollars addition to the above, for attorney's fees," it was held that the $10 was

not due until after suit was brought, and that a recovery could not be had in that action for the amount specified as attorneys' fees.

We are unable to distinguish the contract in this case from the one passed upon in the case cited. There, if the note was not paid without suit, $10 additional was to be allowed; here, the attorneys' fee does not become due on the failure of the maker of the note to pay when due, but it depends upon another contingency—the institution of a suit.

This is more apparent from the fact that the amount of the attorney's fee depends upon another fact, and that is, in what court the suit is instituted. If suit is brought before a justice of the peace, $10 was to be allowed. If, on the other hand, suit was instituted in the circuit court, then $25 was to be recovered.

It is, therefore, apparent that the attorney's fee was not due until after suit was instituted upon the notes, and the court could not, in the action upon the notes, render a judgment for a claim not due at the time the action was commenced.

We have, however, been referred by appellant to *Dunn* v. *Rodgers*, 43 Ill. 260, and *Clawson* v. *Munson*, 55 ib. 394, as authority to authorize a recovery in this case.

In the first case cited, the mortgage, upon which a bill had been filed to foreclose, contained a clause that, if default should be made in the performance of the covenants in the deed, the mortgagor would pay all costs and expenses, including an attorney's fee, which might be incurred in collecting the same.

In the other case cited, which was a proceeding to foreclose a mortgage, the mortgage expressly provided, in case the money secured thereby was not paid according to the tenor and effect of the notes, the mortgagor would pay all attorneys' fees for the collection of the said sum of money.

The cases cited can not control the question here involved, for the reason that, in default of payment when due, under

the contract, the attorney's fee was then due and payable, while in the record before us the contingency under which attorneys' fees could be recovered, did not arise until after suit had been instituted.

Had these notes contained a provision authorizing the recovery of an attorney's fee, on default of payment of principal and interest when due, then, under the contract, the amount claimed might probably have been recovered; but, as the contract embodied in the notes falls clearly within the rule announced in *Nickerson* v. *Babcock, supra,* no recovery could be had.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*