THE CHICAGO PLANING MILL COMPANY

*v.*

THE MERCHANTS' NATIONAL BANK.

86    587
94a  ²258

1. SERVICE — *on corporation.* To authorize the service of summons against a corporation upon any officer or agent other than its president, it must appear by the return that the president can not be found in the county; and even when this fact appears, a return of service on A B " as secretary " can not be sustained. It must be stated that such person is secretary of the company, to be good.

2. AMENDMENT — *sheriff's return after term.* The circuit court has the right, within a reasonable time after the term at which a case is disposed of, to permit the sheriff to amend his return of service, upon due notice to the adverse party. If falsely made, the party's remedy is against the sheriff.

WRIT OF ERROR to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. LEAKE & VOCKE, for the plaintiff in error.

Messrs. MATLOCKS & MASON, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is a writ of error to reverse a judgment rendered in the Superior Court of Cook County, on July 6, 1876, in favor of the Merchants' National Bank against the Chicago Planing Mill Company, for the sum of $4,052.66.    The judgment was rendered by default on a return of service in the following words:

" The president of the within named company not being found in my county, served this writ by reading and delivering a copy thereof to William H. Jenkins, secretary of said company, this 13th day of June, A. D. 1876.

" FRANCIS AGNEW, *Sheriff*,

"*By* WALTER MCDONALD, *Deputy*."

On August 15, 1877, on due notice to the defendant in error, the court granted leave to the sheriff to amend his return of service, and the following amended return was made:

" By leave of court the above return is stricken out and amended in accordance with the facts, so as to read as follows:   Served this writ by reading and delivering a copy thereof to William H. Jenkins, by direction, as secretary, this 13th day of June, A. D. 1876.

" FRANCIS AGNEW, *Sheriff*,

"*By* WALTER MCDONALD, *Deputy*."

After this amendment of the return the writ of error was sued out, and it is urged, as a ground to reverse the judgment, the evidence of service of process was insufficient to authorize the court to render the judgment on default.    On the other hand, the defendant in error has assigned cross-errors which call in question the right of the court to allow the amendment of the sheriff's return.    Section 5 of the Practice Act (Rev. Laws 1874, page 775) provides that an incorporated company shall be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought; if he shall not be

found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal director, engineer, conductor, station agent, or any agent of said company found in the county. It is clear the service as shown by the amended return is fatally defective. In the first place it does not appear by the return that the president of the corporation was not found in the county, as the act requires before process could be served on one of the other officers named in the act; but even if the return had shown the president not found, the service on Wm. H. Jenkins " as secretary " could not be sustained. The service on Jenkins as secretary was not a service on the secretary of the company. This point was expressly decided in *Illinois & Mississippi Telegraph Company* v. *Kennedy*, 24 Ill. 319, where it is said the return must be positive that the writ was served upon the president, and the officer must take the responsibility of determining the fact. To serve upon A B " as president " is not a compliance with the statute.

In regard to the cross-errors relied upon by defendant in error, we have been cited to numerous authorities, which, it is contended, establish the doctrine that the court had no authority to allow the amendment of the sheriff's return. We have carefully examined the cases cited, and while we are free to concede the defendant in error has presented his view of the case with much ability, and there are some authorities which might sustain his position, yet we are constrained to hold the weight of authority is against him, and, under the former decisions of this court, which we perceive no good reason to overrule, the amendment was proper. In *Dunn* v. *Rodgers*, 43 Ill. 260, it was held that the circuit court was authorized to grant leave to a sheriff to amend his return to process either before or after a judgment or decree had been rendered in the case, and that it was not error to grant such leave without notice to the opposite party. This decision was predicated upon a number of decisions of this court, beginning with *Mont-*

*gomery* v. *Brown*, 2 Gilm. 581. However, in *O' Conner* v. *Wilson*, 57 Ill. 226, the former decisions on the subject were reviewed and modified in so far as they held an amendment could be made as a matter of course, without notice, after the term of court had closed. In that case the court used this language : " To permit such amendments, as a matter of course, without notice, and by any person who may have been in office at the time, and who may subsequently have become insolvent, and whose securities may be in a like condition, or who by lapse of time have become released, would be calculated to work great wrong and injustice. The true rule of practice, upon much reflection, should only permit such amendments as a matter of course, and without notice, during the term at which the cause is determined." We do not, however, understand that the court in that decision undertook to establish the rule that an amendment could not be made on notice, if application should be made within a reasonable time ; but, so far as this point was involved, the former decisions of the court were left in full force. Nor was it determined in the O'Conner case what would be a reasonable time within which to ask leave to have the amendment made, and it will not be necessary to determine that point here. The application in this case was made upon notice, about one year after the judgment was rendered, and we can not, in view of the authorities, hold that to be an unreasonable delay. No third parties had acquired rights on the faith of the judgment, nor had there been such a lapse of time after the service was made that the facts in regard to the service would be likely to have faded from the mind of the officer who served the summons. We are, therefore, of opinion, under the authority of *Dunn* v. *Rodgers, supra,* and the cases there cited, the application to amend the return was in apt time, and the court did not exceed its authority in allowing the amendment to be made. It may be, under the peculiar circumstances of this case, the allowance of the amendment will work injustice to the defendant in error, but we per-

ceive no way that can be avoided. We can not establish a bad precedent, and unsettle the established law of the country in order to protect a single suitor; besides, if the amended return is false, and the defendant in error is injured in consequence of the amendment, he has his remedy against the sheriff, which will doubtless afford ample protection.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*