## FARMERS AND MERCHANTS NATIONAL BANK
### v.
## JOHN S. BARTON AND WILLIAM L. BALLINGER.

*Usury—Stipulation in Note for Attorney's Fee—Valid on Its Face—Indemnity—Reasonable Compensation, Extent of Recovery.*

1. Usury is not to be presumed but must be pleaded and established unless upon the face of the contract it is apparent.

2. A stipulation contained in a note for attorney's fees where suit· is brought, upon default in payment, is not usurious upon its face.

3. Such a stipulation, being a contract for indemnity only, it seems that the plaintiff can recover only a reasonable compensation for the services of his attorney, not in excess of the limit of the stipulation.

[Opinion filed March 9, 1887.]

APPEAL from the Circuit Court of Fayette County; the Hon. JESSE J. PHILLIPS, Judge, presiding.

This action is based upon a promissory note as follows:

$300.00.                    VANDALIA, ILLS., Dec. 10th, 1884.

Six months after date, for value received, we or either of us promise to pay to the order of the Farmers and Merchants National Bank of Vandalia, three hundred dollars with interest at eight per cent. after maturity. If this note is not paid when due, we agree to pay an attorney's fee of thirty dollars, if placed in the hands of an attorney for collection.

JOHN S. BARTON,

W. L. BALLINGER,

BENJAMIN BUCKMASTER.

The declaration avers that the note not being paid at maturity, the plaintiff placed it in the hands of one B. W. Henry, an attorney at law, for collection by suit in the Circuit Court of said county, and then paid him the $30 attorney fee, named in said note. Two of the defendants being served with process suffered a default, and thereupon the court assessed the damages at the principal sum in the note, and eight

·per cent. interest thereon after maturity of the note, but refused upon motion of the plaintiff to allow the attorney's fee provided for in the note and paid by the plaintiff. The averment in the declaration above noticed was also proved upon the assessment of damages by the testimony of the cashier of the bank. The plaintiff excepted to the action of the court in refusing to allow such fee as a part of the damages, and appealed to this court. In this court a stipulation has been filed that the court might consider the case as though a plea of usury had been filed in the court below.

Messrs. B. W. HENRY and S. A. PRATER, for appellant.

Messrs. WEBB & COX and W. M. FOLGER, for appellee.

·PILLSBURY, J. The only question presented by this record or the briefs of counsel is, whether the stipulation for attorney's fees contained in the note is void *per se*. It is claimed that it is usurious, against the policy of law and without consideration. Such stipulations in notes and mortgages have been before the courts of several of the States, and the decisions thereon are somewhat conflicting. They have been held void in Ohio, Nebraska, Kentucky and Michigan. State of Ohio v. Taylor, 10 Ohio, 378; Dow v. Updike, 11 Neb. 95; Bullock v. Taylor, 39 Mich. 137; Witherspoon v. Musselman, 14 Bush. 214.

One of the principal grounds upon which the decisions in Michigan and Kentucky rests, seems to be that by the statutes of those States an attorney's fee, to be taxed as costs, is provided for, and the amount that the court shall allow is fixed, and it is not competent for the parties to contract for a different amount of taxable costs. In Indiana, Tennessee, Iowa, Pennsylvania, Oregon and Texas, the courts have taken a different view and held such agreements valid. Smith v. Silvers, 32 Ind. 321; Johnson v. Crossland, 34 Ind. 512; Tuley v. McClung, 67 Ind. 10; Parham v. Pulliam, 5 Cold. 497; Williams v. Meeker, 29 Iowa, 292; McGill v. Griffin, 32 Iowa, 445; Huling v. Drexel, 7 Watts, 126; Finler v. Finler, 94 Pa. St. 372; Peyton v. Cole, 11 Oregon, 39; Miner v. Exchange Bank, 53 Tex. 559.

These latter cases find support in our own decisions so far , as the courts have been called upon to determine the question. Thus, in Dunn v. Rodgers, 43 Ill. 260, where the note and mortgage provided for the payment by the debtor of an attorney's fee of $10 if suit should be brought, it was held that such sum was properly included in the decree foreclosing the mortgage, and in Clawson v. Munson, 55 Ill. 394, where the question seems to have been more directly presented, the court held that the attorney's fee, stipulated in the mortgage to be paid by the debtor, could be included in the decree, and in answer to the suggestion of counsel that the case was an oppressively hard one, the court replies: "We can only say, that the appellants provided by their express agreement in the mortgage for all the consequences that have followed in case of default in prompt payment, and that they could have avoided all the hardships by paying the notes at maturity. It is not in the power of the court to relieve a party from the force and consequences of his own agreement." So in McIntire v. Yates et al., 104 Ill. 491, the point was made that the decree was erroneous in that it included a solicitor's fee of two per cent. upon the amount found due; but the court held that the decree was proper and that the case could not be distinguished from that of Clawson v. Munson, 55 Ill. 394. Besides these cases decided in equity, it has been expressly held that it was not error to include an attorney's fee where judgment was confessed under power of attorney, if the power was broad enough to include such damages (Ball v. Miller, 38 Ill. 110), and such is believed to be the uniform holding in cases of that character. Here then we find that our Supreme Court, both at law and in equity, has sustained judgments and decrees which included an attorney's fee, where the same has been expressly agreed to be paid by the debtor, in case of his failure or neglect to pay his indebtedness, and in consequence thereof it became necessary for the creditor to incur expense in asserting his rights under the contract in the courts of law or equity. If such agreements were void upon their face, as being opposed to the statute against usury or the general policy of the law, such decisions could not have been made, and these cases are

therefore to be considered as adjudications that such stipulations are not open to the objections urged. If opposed to the policy of the law, they would be equally·void whether.sought to be enforced either at law or in equity, as their validity could not be made to depend upon the forum, where their effect was to be determined. The cases of Nickerson v. Babcock, 29 Ill. 497, and Easter v. Boyd, 79 Ill. 325, simply hold that where the contingency upon which the attorney's fee shall become due and payable does not arise until suit is brought, such fee can not be included in the judgment in the same suit at law; but at the same time there is a strong intimation in the Boyd case that if the stipulation had provided for the payment of such fee, upon default in payment of the principal and interest at maturity it might have been recovered. From these decisions of our Supreme Court, most fully supported by the rule in the other cases, from other States above referred to, we think that the stipulation in the note in suit is sustained by the weight of authority bearing upon the question. Independent of authority we arrive at the same conclusion upon principle. As to the objection that the stipulation makes the contract usurious, it can be said that usury is not to be presumed, but must be pleaded and established by the proofs, unless upon the face of the contract the usury is apparent. In this case, treating it under the stipulation filed in this court, as though a formal plea of usury was in the record, no proof was made that the stipulation was intended as a devise to evade the usury laws. Standing by itself, and giving to the language employed its usual and natural signification, it would seem that the intention of the parties was, that if by the default or neglect of the defendants to pay the note at maturity it became necessary for the plaintiff to employ an attorney at law to collect the note, they would reimburse the plaintiff for all expenses thus incurred, to the extent of $30, the amount named as the limit of the indemnity for which they should be liable. It does not contemplate nor provide that the payee of the note can or shall reserve to itself any pecuniary benefit or compensation out of the amount, for the use of the money loaned, nor does it appear to be in the nature of a pen-

alty for the non-payment of the note at maturity, and, consequently, is not within the prohibition of section 6, of the statute relating to interest. The condition upon which the right to exact payment of attorney's fees rests, does not alone depend upon non-payment at maturity, but only attaches when thereafter the note is placed in the hands of an attorney for collection, and the payee has thereby incurred a liability in consequence of the neglect of the makers to comply with their contract. The note might remain unpaid for months, or years, even, but if not placed in course of collection through the hands of an attorney, the debtor could discharge the debts at any time by the payment of the principal sum with the agreed rate of interest. That part of the agreement relating to the non-payment at maturity, is for the benefit of the debtor, in that it prevents the creditor from putting it in the hands of an attorney before due, and thereby incur a liability to be charged against the maker of the note. In other words, the liability to pay attorney's fees does not arise because the note is not paid when due, but only when, thereafter, the plaintiff shall become liable for an attorney's fee in order to enforce collection of the note by the aid of an attorney, either with or without litigation. It being a contract for indemnity only, the plaintiff would not be allowed to recover more than a reasonable compensation for the services of his attorney, to be limited by the sum agreed to be paid, and in case of a special contract for the collection of the note he would be limited to his actual expenditure, even if less than the services would be reasonably worth. Thus construed we fail to see wherein such stipulation renders the note usurious, or wherein it is opposed to the policy of the law. It gives to the creditor his money loaned and the interest thereon only, and this it is the policy of the law to give him. If, however, the provision is inserted for the purpose of evading the laws against usury, and thus be made to appear without doubt, the penalty prescribed by the statute would attach to the transaction. We look upon the provision as one for the recovery of special damages that the parties contemplate may arise from a breach of the contract by the defend-

ant, which, though not recoverable under the general rule for the admeasurement of damages in ordinary actions, because not the necessary and natural results of the breach of the contract complained of, are nevertheless entirely competent for the parties to contract for, and thereby allow the plaintiff what in equity and good conscience he ought to receive in satisfaction of his contract, the money loaned and the interest thereon agreed to be paid. The incurring of the liability to pay attorney's fees, caused by the wrongful act of the defendant in not complying with his contract, is a sufficient consideration to support the agreement for indemnity. We are therefore of the opinion that the stipulation is not void upon its face and that the court below should have enforced it as the contract of the parties and allowed the attorney's fees paid by the plaintiff as a part of the damages in the case, as the proof shows that the payment made and liability incurred therefor occurred before the bringing of this suit and could therefore be properly included in the judgment as a part of the damages sustained by the plaintiff through the neglect of the defendants to comply with their contract. To the end that this may be done, the judgment below will be reversed and the cause remanded with directions to the court below to render judgment in this cause for the amount of the note and interest, according to its terms, and for the further sum of $30 as attorney's fees, as provided in the note, such sum having been actually paid, and the presumption being from the contract of the parties, in absence of proof to the contrary, that such fee was a reasonable one. Smiley v. Meir, 47 Ind. 559.

*Reversed and remanded.*