## Piasa Bluffs Improvement Co. et al. v. John H. Evers.

1. SOLICITOR'S FEES—*In Foreclosure Suits.*—There is no rule of law or equity which forbids the parties to insert in a mortgage, an agreement providing that in a suit to foreclose it, the court shall allow in addition to the taxable costs and disbursements whatever moneys the creditor may have necessarily and reasonably paid or become liable to pay on account of the services of an attorney or solicitor in such suit, and to give a lien upon the said premises for the same.

2. SAME—*Not as Costs.*—The statute does not provide for the recov-

ery of solicitor's fees as costs, and therefore an order in a decree of fore-closure that the costs of suit should include a solicitor's fee, is irregular; but it is a mere irregularity in no wise prejudicial and does not warrant reversal of the decree.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Jersey County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the November term, 1895. Decree affirmed. Opinion filed May 16, 1896.

THOS. F. FERNS, attorney for appellants.

There is no statute in Illinois authorizing the allowance of solicitor's fees as part of the costs in a case. The discretion of a court of equity in awarding costs must be confined to the fees allowed by statute. Cooper v. McNeil, 9 Ill. App. 97.

If any solicitor's fees are earned in this case at all it is for this foreclosure proceeding and is not earned until proceedings are completed by a decree of foreclosure. Until decree of foreclosure is entered no solicitor's fees are due complainant, and hence the Circuit Court had no power to award complainant allowance for solicitor's fees in the same decree of foreclosure. Nickerson v. Babcock, 29 Ill. 497; Easter v. Boyd, 79 Ill. 325.

HAMILTON & HAMILTON, attorneys for appellee.

Whatever may be the rule elsewhere, it is well settled in this State that when a mortgage provides for the allowance of a solicitor's fee in foreclosure of a mortgage to be paid out of the proceeds arising from a sale of the mortgaged property, it is not error for the court to decree the payment of a solicitor's fee as was done in this case. Heffron v. Gage, 149 Ill. 191; Guignon v. Union Trust Co., 156 Ill. 135.

A solicitor's fee of five per cent was approved in the case of Goodwin v. Bishop, 145 Ill. 421, and ten per cent in Dorsey v. Wolfe, 142 Ill. 589.

The testimony of attorneys fixing the amount of appellee's solicitor's fees, as was done in this case, was proper. L. N. A. & C. Ry. Co. v. Wallace, 136 Ill. 92.

Piasa Bluffs Improvement Co. v. Evers.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This was a proceeding in chancery for the foreclosure of a real estate mortgage.

The mortgage contained following provision :

" The mortgagors further agree and consent that in any suit to foreclose this mortgage the court may allow, in addition to the taxable costs and disbursements, whatever moneys the said creditor may necessarily and reasonably pay or become liable for on account of the services of any attorney, solicitor, or counsel in such suit, the said mortgagor hereby giving a lien upon the said premises for the same."

The court found there was $13,341 due upon the mortgage debt, and decreed same, together with the costs of suit, which should include a solicitor's fee in the sum of $600, should be paid in thirty days, and if not paid, the mortgaged premises be sold and same paid out of the proceeds of the sale, etc.

Appellant excepted to so much of the decree as required the payment of the solicitor's fee.

The provision in the mortgage authorized the inclusion of a sum for a solicitor's fee in the decree rendered in any suit brought to foreclose the mortgage.

No rule of law or equity forbids such an agreement, but courts of equity will enforce them. Heffron v. Gage, 149 Ill. 191.

The decisions in Nickerson v. Babcock, 29 Ill. 497, and Easter v. Boyle, 79 Ill. 325, are not applicable. They were actions at law, and the agreements to pay counsel fees were so construed that such fees were not due and payable when the actions were begun, and hence, according to a technical rule of law, not recoverable in such action, but only in separate suits. In the case at bar the agreement is, the fee may be recovered in the suit to foreclose.

The statute does not provide for the recovery of solicitor's fees as costs, and therefore the order in the decree that the costs of suit should include the solicitor's fee is irregular. But it is a mere irregularity in no wise prejudicial

to the appellant, and therefore does not warrant reversal of the decree.

Witnesses were allowed to testify that $600 was a reasonable fee for the solicitors in the case, without objection or cross-examination by the appellant.

The solicitor for appellee testified with some minuteness of detail as to the services he had rendered in the proceeding, and that $600 was reasonable compensation therefor, and that he had *charged* complainant that sum for his services.

This testimony warranted the allowance under the agreement, which was, that there should be allowed whatever money the mortgagor " may necessarily and *reasonably pay or become liable for* on account of the services of any attorney," etc.

There is no error in the record.    Decree affirmed.