## Abbie W. Washburne and Edgar W. Washburne v. John A. Burke, for use of, etc.

1. ATTORNEY FEES—*In Suits on Replevin Bonds.*—In a suit upon a replevin bond containing the statutory clause to "pay all costs and damages occasioned by wrongfully suing out" the replevin writ, reasonable attorney's fees for defeating the replevin suit may be recovered, but not for services in the suit upon the replevin bond.

2. SAME—*When Not Recoverable.*—Except where the statute authorizes the recovery of attorney's or solicitor's fees they are not allowable, either as costs or damages, at law or in equity, unless by virtue of some contract or stipulation.

3. PRACTICE—*Recovery Must Be upon Facts Existing at Commencement of Suit.*—An action at law is based upon the state of facts existing when the suit is begun, and claims not then due can not be properly included in the judgment.

4. Remittitur—*When it Will Not Be Allowed.*—Where the judgment in a replevin suit was not rendered upon the merits, and where the judgment in the suit upon the bond includes improper items a remittitur will not be allowed in the Appellate Court to reduce the judgment to the proper amount.

5. Husband and Wife—*Sales to the Wife by a Partnership in Which the Husband is a Partner.*—Where a wife buys goods of a partnership of which her husband is a member, and with whom she is living, it is not necessary that a bill of sale should be executed and recorded, as required by the statute, to make the sale legal.

Suit on Replevin Bond.—Trial in the County Court of Cook County, on appeal from a justice of the peace ; the Hon. C. F. Wheat, Judge, presiding. Verdict and judgment for plaintiffs ; appeal by defendants. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed October 20, 1899.

Fred. H. Atwood and Frank B. Pease, attorneys for appellants.

E. L. Rinehart, attorney for appellees.

Mr. Justice Shepard delivered the opinion of the court.

This appeal is from a judgment in a suit begun before a justice of the peace upon a replevin bond, and appealed to the County Court, and there tried before a jury.

At the instance of the plaintiffs in the suit (appellees here) the County Court instructed the jury that they might include in their verdict the " usual and customary attorney's fees for trying this case, as well `as the original replevin suit."

It was proved that the reasonable and usual value of the services of appellees' attorney in trying the present case was thirty-five dollars, and there is no doubt but that amount was included in the damages awarded by the verdict.

The condition of the replevin bond contains the statutory clause to " pay all costs and damages occasioned by wrongfully suing out " the replevin writ, and under that clause attorney's fees for defeating the replevin suit may be recovered. Siegel v. Hanchett, 33 Ill. App. 634.

The instruction to the extent of such fees was correct, but there is no authority for the proposition as to attorney's fees

Washburne v. Burke.

in the suit on the bond, and under the doctrine of this State denying the right to recover attorney's fees, it is not sustainable in principle.

Except where the statute permits the recovery of attorney's or solicitor's fees they are not allowable in this State, either as costs or damages, at law or in equity, unless by virtue of contract stipulation.

But it is urged that the statute concerning the awarding of damages upon a replevin bond is analogous to that concerning the allowance of damages upon the dissolution of an injunction, where they are assessed in the same suit, and therefore it is proper to include in the judgment in a suit upon a replevin bond the attorney's fees in that suit.

Formerly a court of chancery had no power to award damages in matters of injunction, and now has the power only by virtue of the statute in cases where the injunction is dissolved. The failure to maintain the injunction in the one case, and to successfully prosecute the replevin suit in the other, is all the analogy that exists, and in both such cases attorney's fees are allowable as a part of the damages.

But in the suit in which an injunction is improperly granted no attorney's fees for trying the main case are allowable, nor can they be allowed for services in the suit upon the replevin bond.

An action at law is based upon the state of facts existing when the suit is begun, and claims not then due can not be properly included in the judgment.

When this suit was begun no attorney's fees in it had been earned, and there could be no recovery for such as might be subsequently earned. Nickerson v. Babcock, 29 Ill. 497; Easter v. Boyd, 79 Ill. 325.

The instruction was plainly erroneous. But appellees suggest that such error does not go to the right of appellees to recover, and may be cured by remittitur, if this court should require it, as a condition of affirming the judgment.

We should not be prepared to say the suggestion is not

pertinent, if there were no other substantial error in the record.

It appears that the judgment in the replevin suit was not rendered upon the merits, hence, in this suit upon the bond, the merits of the case were open to inquiry, and in that investigation it was competent for the appellants to show that Abbie W. Washburne had bought the property replevied, and paid for it, and was in possession of it before the justice's execution was issued or levied.

Without prolonging this opinion to undue length, it is enough to say that it seems to have been the theory of the County Court that because one of the parties from whom Abbie W. Washburne bought the property was her husband, with whom she was living, and the bill of sale was not executed and recorded as required by the statute (Ch. 68, Sec. 9), she took nothing under it as against appellee Gehm, who was a creditor of the firm of which her husband was a partner, and from whom she purchased. Abbie W. Washburne claims to have bought the property of a copartnership firm, composed of her husband and her son, and received a bill of sale therefor. She offered the bill of sale in evidence, but it was rejected.

We regard such ruling as substantial error. Even if the statute does apply so as to make void as to creditors the transfer from the husband to the wife of his interest in the firm property, it clearly has no application to the interest of the other partner, which passed by the bill of sale. There was evidence tending to show that an open and visible change of possession took place under the bill of sale, and the exclusion from the jury of the bill of sale was well calculated to turn the scale against appellants.

If there be any minor errors they are such as will probably be avoided upon another trial. The question of whether the replevied property was tendered back in performance of the condition of the replevin bond, is one of fact, which we do not discuss.

Upon another trial, the bill of sale and what was paid and how paid, and what was done under it by Abbie W.

Washburne, should be permitted to be shown.   The jury can then pass upon the questions of good faith, etc., in the light of the whole transaction.

For the errors indicated, the judgment of the County Court is reversed and the cause remanded.