# JOHN M. STEVENS
## v.
# JOHN E. HURLBURT.

*Replevin—Principal and Surety—Chattel Mortgages—Assignment—Defenses—Estoppel—Conflict of Evidence.*

1.   A surety has no right of action against his principal until he has paid the debt secured or has in some manner been damnified.

2.   Where a surety holds a note and chattel mortgage for purposes of indemnity and assigns the same, his assignee can not enforce the mortgage until the mortgagee has paid the debt for which he was surety, or in some way has been damnified.

3.   A mortgagor may make the same defenses against an assignee, though an innocent holder for value and before maturity, as against the mortgagor.

[Opinion filed June 14, 1887.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. L. H. BRADLEY and H. A. STEVENS, for appellant.

Messrs. PATTON & HAMILTON, for appellee.

The mortgage was only assignable in equity, and any defense to it that the mortgagor could have made—had Manchester attempted to take and sell the property under it—he can make when the assignee undertakes to foreclose it.   The only right set up by appellant to this property was as assignee, and he took it subject to the same defenses to which it was subject as between the original parties.   Olds v. Cummings, 31 Ill. 188; Walker v. Dement, 42 Ill. 272; White v. Sutherland, 64 Ill. 181; C., D. & V. Ry. Co. v. Lœwenthal, 93 Ill. 433; Miller v. Larned, 103 Ill. 562; McIntyre v. Yates, 104 Ill. 491; Foster v. Strong, 5 Ill. App. 223.

This rule applies to chattel mortgages as well as real estate. Bryant v. Vix, 83 Ill. 11.

It is not disputed that a mortgage may be given to indemnify the mortgagee for becoming surety or indorser for the mort-

Stevens v. Hurlburt.

gagor, but we deny that such mortgagee can take the property mortgaged from the mortgagor and sell it against the will of the mortgagor, unless he has had to discharge the debt of his principa'.

As between them, the mortgage is a mere indemnity, the same as a bond or pledge of property, to be made available upon the happening of the contingency which arises only by the payment of the debt, or such assumption of it as would relieve the principal.

CONGER, P. J. This was an action of replevin brought by Hurlburt against Stevens, in the Circuit Court of Sangamon County. A judgment was rendered against appellant (defendant below) and he brings the record to this court by appeal. The facts necessary to an understanding of the case are as follows:

Hurlburt being indebted to one McGuire, procured one V. R. Manchester to become his surety upon a note for $250, and to secure Manchester as such surety, on the 28th day of February, 1885, executed and delivered to him his own note for $250 due in ten months, and at the same time executed to Manchester a chattel mortgage upon the property in question to secure the note, due on the 1st of January, 1886. A few days after the execution of the note and mortgage to Manchester he, Manchester, sold and assigned the same to appellant, Stevens, for $160. On the 29th or 30th of December, 1885, the mortgaged property was taken possession of by virtue of the mortgage by a Constable acting for Stevens, and on the 2d day of January, 1886, the present action of replevin was brought for its recovery. Manchester had never paid the note upon which he was surety, nor in any way been damnified by reason of such suretyship, and for that reason could not have brought any action or in any way availed himself of the note and mortgage, had he retained them himself.

In Darst v. Bates, 51 Ill. 439, it is said: "A mere security, or person ultimately liable, can not sue and recover until he has paid the debt, or in some manner been damnified; nor can he, when secured by a deed of trust, insist upon a foreclosure and the payment of the money to him." Herman on Chattel Mortgages, Sec. 155.

As Manchester could not have enforced the mortgage until

he had paid the debt, or in some way been damnified by reason of his suretyship, neither could his assignee; for it is the well settled doctrine of this State that mortgages, both real and chattel, are only assignable in equity, and in all proceedings to enforce the mortgage the mortgagor may make the same defense against such assignee, though an innocent holder for value, and before maturity, as against the mortgagee himself. Bryant v. Vix, 83 Ill. 11; Walker v. Dement, 42 Ill. 272; McIntyre v. Yates, 104 Ill. 491; Olds v. Cummings, 31 Ill. 188.

It is insisted, however, by the appellant, that appellee is estopped from making this defense because, as appellant testifies, he met appellee upon the street a short time before he purchased the note from Manchester, informed appellee he was about to purchase the note and mortgage, and asked appellee if it was all right, and that appellee replied: "It is all right, buy it if you can." This conversation is, however, denied by appellee, and we presume was regarded by the court below as not sufficiently proven to call for the application of the doctrine of estoppel.

There were but the two witnesses upon this question and their testimony was flatly contradictory, and we see no good reason for interfering with the conclusion reached by the court below.

We are, therefore, not called upon to notice further the question whether appellee was estopped from making the defense that he relied on against the enforcement of the mortgage.

It is also insisted that the present action could not be maintained because possession of the property was taken before the mortgage was, by its terms, due. There seems to be a discrepancy between the note and mortgage as to the date of the maturity of the note. The note upon its face, being due in ten months, would make it mature upon the 28th day of December, while the mortgage describes the note as maturing upon the 1st of January, 1886.

We do not deem it necessary, however, to decide the point raised, as the court below was justified in its judgment from the considerations already noticed.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*