## OTTER CREEK LUMBER COMPANY

v.

## ROBERT H. McELWEE ET AL.

37 285
80 341

*Sales—Failure to Deliver—Damages—Agency—Actions.*

1.   An action at law is based upon the state of facts existing when the action is begun; demands accruing after suit brought can not be recovered.

2.   An obligation to indemnify does not ripen into a cause of action before the thing to be indemnified against has happened.

3.   In an action brought by lumber commission merchants to recover from a non-resident lumber company commissions earned and damages for failing to deliver certain cedar posts unto them under a contract duly entered into, said company having agreed to furnish them with a large number of posts, which it failed to do, this court holds, in view of the evidence, that the judgment for the plaintiffs can not stand.

[Opinion filed November 11, 1890.]

IN ERROR to the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. GARDNER, McFADON & GARDNER, for plaintiff in error.

Messrs. SCHUYLER & KREMER, for defendants in error.

GARY, J.   The case which the defendants in error, plaintiffs in the Superior Court, made, and on which they recovered, was that early in January, 1887, the plaintiff in error, a lumber company doing business in Michigan and Wisconsin, retained the defendants in error, who were lumber commission merchants in Chicago, to sell cedar posts and hemlock lumber on commission; that the best price at which sales could be made having been ascertained, the lumber company accepted the terms and engaged to supply 150,000 posts, and also sanctioned the acts of the defendants in error in making the contract in their own names, as the purchaser did not know the lumber company, and would not contract with it.   The defendants in error therefore contracted with Mr. Edward E.

Ayer to deliver to him 200,000 to 250,000 posts at fourteen cents each, in about equal quantities during May, June, July, August and September, 1887, and Ayer agreed to make advances to the defendants in error of his notes of $5,000 each, up to $20,000, whenever they might call for them after March 1st.

Whether the lumber company had any knowledge of the terms of this contract, and the quantity the defendants in error had agreed to deliver, is one of the disputed questions in the case. The defendants in error expected to furnish the posts in excess of the 150,000 to be supplied by the lumber company from other sources. The price in the market of posts advanced and the lumber company furnished none. October 27, 1887, the defendants in error and Ayer had a settlement in which Ayer retained from money he owed them (on what account does not appear) the sum of $2,000 as damages for the non-delivery of posts to him under the contract. This suit was brought September 1, 1887, and no claim for damages appears to have been made by Ayer until four weeks thereafter, and the actual settlement was nearly two months after the suit was commenced.

The general rule that an agent who incurs losses in obeying the instructions of his principal, is entitled to indemnity from his principal (Story on Ag., Sec. 339) is not questioned, but in the nature of things no right of action can exist for the loss, until the loss has been, in fact, sustained. If that loss imposes upon the agent an obligation to pay money, his right of action against his principal does not accrue before he has paid the money, unless, perhaps, in analogy to the rule established in this State as to sureties, a satisfaction of the obligation in some other mode than actual payment in money, might entitle the agent to compensation. Wilkinson v. Stewart, 30 Ill. 48, and cases there cited. An action at law is based upon the state of facts existing when the action is commenced; demands accruing after suit brought can not be recovered. 1 Ch. Pl., 469, note; Easter v. Boyd, 79 Ill. 325; Nickerson v. Babcock, 29 Ill. 497.

This record does not show even that when this suit was

brought Ayer could have retained the $2,000. His damages were unliquidated, and could only be set off against a demand upon the same contract for non-performance of which he claimed the damages. Clause v. Bullock, 118 Ill. 612.

It may be, for all that here appears, that the defendants in error could have recovered their $5,000 from Ayer, and left him to his action for his damages. It is not intended to intimate that no payment to Ayer without suit could be recovered. Saveland v. Green, 36 Wis. 612, is a satisfactory authority to the contrary, but before payment, voluntary or involuntary, no suit could be maintained, and Ayer was not paid until almost two months after this suit was brought.

The defendant below asked the court to hold as law that "If the court finds that the plaintiffs did not pay Ayer any money by reason of their breach of the contract with him until after the commencement of this suit, and that they never made any agreement so to do until after the commencement of this suit, then the plaintiffs are not entitled to recover in this case for any money which they have paid said Ayer," which was refused.

In this court, which may review the facts, the action of the Superior Court upon legal propositions is not so important as in the Supreme Court, which is restricted to a review of the law of the case. Here, if the finding upon the facts is clearly right, an error upon a legal proposition would not be cause for reversal, upon the familiar principle that a judgment will not be reversed for an error that did no harm. But here the proposition was correct, and the finding upon the facts contrary to the doctrine of it. The defendants in error seek to evade the application of the legal proposition above recited by presenting here the following propositions which they regard as the true theory of this case:

"1st. That in making the contract with Ayer plaintiffs were not placed in the attitude of agents, but were actually principals, and that by reason of the failure of the Otter Creek Lumber Company to furnish the plaintiffs the paving posts and lumber which the company agreed to furnish them, they were unable to carry out their contract with Ayer, and thereby became liable in damages.

"2d. By reason of the failure of the Otter Creek Lumber Company to furnish the posts and lumber as agreed upon, it became liable to the plaintiffs as soon as the contract with them was broken, to make good to them whatever damage they might suffer or be compelled to pay to Ayer."

These propositions need not be controverted; the plaintiff in error was liable as soon as the contract with them (the defendants in error) was broken, to make good to them whatever damage they might suffer or be compelled to pay to Ayer, and nothing else, on this branch of the case. When that damage was suffered or payment made, an action accrued, and not before. The obligation to indemnify does not ripen into a cause of action before the thing to be indemnified against has happened.

The declaration has counts for not delivering posts and lumber sold by the plaintiff in error to the defendants in error, but it is so clear upon the evidence that there was no such sale between the parties, that the briefs are silent upon that subject.

There was another proposition refused by the Superior Court as follows: " If the court finds from the evidence that the contract between the plaintiffs and Ayer was not shown to Charles T. Wright, the president of the defendant company, and that he was not informed by the plaintiffs that, by the terms of said contract, Ayer agreed to advance notes, or that said plaintiffs had, by said contract, agreed to sell more cedar posts than the one hundred and fifty thousand (150,000) posts of the defendant, and railroad ties also, then said plaintiffs are not entitled to recover in this case, either commissions for the sale of said 150,000 posts, or any damage which they have been obliged to pay said Ayer by reason of the breach of said contract." Note, the only evidence of notice to the lumber company was through Wright.

The defendants in error had obtained from Ayer, under this contract, one note of $5,000, if no more. The only object in obtaining such notes must have been to use them to obtain money or credit for defendants in error, and as Ayer would be liable to pay the notes, it would follow that he would not

pay for posts as delivered until the amount in value of posts delivered exceeded the amount of the notes advanced, and then only for the excess. It was quite a different thing to the plaintiff in error whether it should trust to the integrity of the defendants in error to pay over and not embezzle money received from Ayer for posts, or pay with posts a debt of the defendants in error to Ayer, trusting to the pecuniary ability of the defendants in error, as well as their honesty, for payment for the posts; $20,000 is almost the whole price of the 150,000. This proposition should, therefore, have been held to be law.

That the defendants in error contracted to deliver to Ayer more posts than were to be furnished by the lumber company, raises a question which it is not necessary to decide.

On the whole case the judgment is reversed and the cause remanded.

*Reversed and remanded.*