## P. W. Harts v. George F. Emery, Executor.

84 317
85 352
84 317
184s 560

1. MORTGAGES—*Assumption of Payment by a Grantee.*—Where the grantee assumes the payment of a mortgage on land conveyed to him he becomes, as between him and his grantor, the principal debtor.

2. LIMITATIONS—*Where the Running of the Statute is Arrested by Promises.*—In the face of the proof that a grantee, who assumed the payment of a mortgage, paid interest on the notes secured by the mortgage for nearly twenty years, and his written agreement that, in consideration of the forbearance by the holder of the notes to enforce collection, he would not avail himself of the statute of limitations in defense of a suit upon the mortgage or notes, *it was held,* that his promise would arrest the running of the statute as effectually as the promise of the original maker.

3. CONVEYANCES—*Effect of Assuming an Incumbrance.*—Where a person assumes and agrees to pay incumbrances, on land conveyed to him as a part of the consideration, he becomes liable for such incumbrances to the holder of them.

**Assumpsit,** on three promissory notes. Trial in the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term. 1899. Affirmed. Opinion filed September 20, 1899.

**Statement.**—On March 4, 1894, Adelaide Elder sold and conveyed to Elvira W. Spaulding, for $10,000, block 2 of H. L. Stewart's subdivision of Chicago, and received as part payment three promissory notes for $2,666.66 each, drawing eight per cent annual interest, executed by Richard M. Poucher and payable to the order of Edward F. Sweet, trustee. These notes were secured by a trust deed executed by Elvira W. Spaulding to Sweet upon the block of ground described, which recites that the notes were given for part of the purchase money. Sweet indorsed the notes to Adelaide S. Elder, and she sold and indorsed them to Hanson W. Hart, appellee's testator.

On September 13, 1874, Elvira W. Spaulding and her husband conveyed one-half of the premises described to Speed Butler, subject to the trust deed, and Butler assumed to pay $4,332 mortgage debt, with interest, from and after that date. On January 21, 1875, she and her husband

conveyed the residue of the premises to Butler, who assumed to pay the additional sum of $4,125, with interest. On March 1, 1875, Butler and wife conveyed the premises to P. W. Harts, the deed containing the clauses assuming the payment of the $4,332, and the $4,125, as contained in the Butler deeds. Interest was paid on the notes by P. W. Harts until March 13, 1894.

On January 9th, P. W. Harts executed and delivered to H. M. Hart the following contract:

" Whereas, Hanson M. Hart, of Portland, in the State of Maine, holds three notes of hand of $2,666.66, each dated March 13, 1874, one payable in one year from date, one in in two years from date, and one three years from date, with interest at eight per cent per annum, signed by Richard M. Poucher, payable to the order of Edward F. Sweet, trustee, all of which came to the hands of said Hart duly indorsed, which said notes are secured by a mortgage or trust deed from Elvira W. Spaulding of certain real estate, and

Whereas, I, P. W. Harts, am the owner of said land subject to said trust deed, and am to pay the said notes and arrears of interest and such as shall accrue, and

Whereas, said Hart, at my request, has forborne to enforce payment of said notes by suit, foreclosure of said trust deed or otherwise, and I find it inconvenient to pay said notes for the present,

Now, therefore, in consideration of the forbearance and indulgence of the said Hart, in the premises, I hereby promise and agree that in the event he shall hereafter resort to legal remedies for collecting said notes by suit, foreclosure of said trust deed or otherwise, I will not avail myself of the statute of limitations or interpose any obstacle in defense, and in case I shall sell or otherwise dispose of my interest, I engage that said notes and interest shall be fully paid, to the intent that said Hart shall lose nothing by his forbearance, past or future. This agreement shall be binding on me, my heirs, assigns and legal representatives, and shall inure to the benefit of said Hanson M. Hart, his heirs, executors and assigns.

Dated Springfield, Ill., January 9, 1895.
               (Signed)      P. W. HARTS."

Hanson M. Hart subsequently died, and this suit was brought by appellee as his executor against P. W. Harts, appellant. The suit being in assumpsit, the declaration

counted upon the notes the trust deed, *mesne* conveyances
to the defendant, with the assumptions and the above
quoted contract. The defendant pleaded the general issue
and gave notice in writing that he should rely, as special
matters of defense, upon the trial, that there was no per-
sonal liability upon his part to pay interest; that at the
date of the contract all right of the trustee to foreclose the
trust deed was barred by the statute of limitations; that all
right of the payee to sue on the notes and liability of the
payor thereon had been barred by the statute of limita-
tions; that the agreement or offer of the defendant to pay
was without consideration; that it was without mutuality,
and that it was usurious. In the Circuit Court, the jury
was waived and the trial had before the court, resulting in
a finding and judgment in favor of appellee for $10,903.22.

CHARLES L. CAPEN, attorney for appellee.

EDWIN B. HARTS, attorney for appellant.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $10,903.22 recovered
by appellee, as executor of the will of Hanson M. Hart,
against appellant, upon an alleged agreement and assump-
tion to pay three promissory notes secured by trust deed
upon certain real estate purchased by appellant after the
execution of the trust deed.

The chief contentions of appellant are that there is no
sufficient evidence in the record to justify a finding that
he assumed the payment of the notes; that the right to sue
on the notes was barred by the statute of limitations; that
by reason of a decree of the Superior Court of Cook County
declaring the trust deed given to secure the notes to be void,
there was no legal liability resting upon him to pay the
notes, and that the court's computation as to the amount
due on the notes was erroneous and excessive.

The law is elementary that where the grantee assumes
the payment of a mortgage on land conveyed to him, he

becomes, as between him and his grantor, the principal debtor. In view of the recitals contained in appellant's deed relating to the incumbrance, the payment of interest on the notes up to March 13, 1894, and the writing executed by him on January 19, 1895, the conclusion is irresistible that appellant intended to and did assume the payment of the notes.

There is no room for the contention that the action was barred by the statute of limitations in the face of the proof that appellant paid interest on the notes for nearly twenty years, and his written agreement that in consideration of the forbearance and indulgence of the holder of the notes to enforce collection, he would not avail himself of the statute of limitations or interpose any obstacle in defense in the event of suit upon the notes. It is difficult to conceive a more complete taking of the case out of the statute by promise of the obligor. Appellant is in no better situation in that regard than the original maker of the note, because, as we have seen, he, as grantee, assumed the payment of the notes, and the law is well settled that as between him and his grantor, he is a principal. His promise would stop the running of the statute as effectually as the promise of the original maker.

It appears that by some chancery proceeding in the Superior Court of Cook County the trust deed was declared invalid and ordered to be canceled, but it does not appear that the debt was paid. When it is considered that appellant agreed to pay these notes as part of the purchase price of the block of ground, they became his debt, and it makes no difference whether the trust deed was valid or invalid. Daub et al. v. Englebach, 109 Ill. 267. We quote from the opinion of that case as applicable here:

" But the defense is set up and urged by a person who has purchased the land subject to this very mortgage. If any change was made it was probably before he purchased, and when he did so, as a part of the purchase money he in effect assumed the payment of the mortgage, and if required to pay the amount of the mortgage debt, he will only be required to pay what he agreed to when he purchased. It

will not wrong him to the extent of a single penny.   It will not be inequitable or unjust.   Even if the mortgage were rendered void, he, in equity, is still liable to pay the debt.   He agreed to do so, and if the mortgage were rendered void, that did not cancel the debt, nor did it release him from his legal liability to pay it.   This court has repeatedly held that a person purchasing lands, and agreeing to pay off incumbrances on the land as a part of the consideration for the purchase, becomes liable to pay the holder of the lien."

For the first time it is urged in this court that appellee could not maintain this suit in his own name.   The contention is purely technical, and not having been raised in the court below by demurrer, plea or otherwise, will not be discussed in this opinion.

It is urged that the calculation of the amount due on the notes is erroneous.   We have been unable to detect any material inaccuracy in that regard.   The rate of interest adopted by the court in its computation was in accordance with the intention of the parties.   Judgment affirmed.