KIRBY LUMBER COMPANY v. C. R. CUMMINGS & COMPANY.

Decided April 27, 1905.

**1.—Evidence—Hearsay—Sales—Commissioners.**

Where the testimony of a witness as to sales made in Europe disclosed that his only information was derived from letters and telegrams of his representative there, it was hearsay, and insufficient alone, to prove that such sales had been made, and the testimony having been duly objected to, a judgment based thereon could not stand, although there was no assignment of error complaining of the judgment on the ground that it was not supported by the evidence.

**2.—Principal and Agent—Liability for Commission on Orders not Filled.**

Where an agent sues his principal for damages for nonfulfillment of orders on which commissions were to be paid, plaintiff can not recover in the absence of proof of sales having been made, or liabilities incurred as agent having been paid, especially where the parties to whom such liabilities had accrued are not parties to the suit, so that the judgment can protect the principal against their claims.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Moye Wicks,* for appellant.

*Hutcheson, Campbell & Hutcheson,* for appellees.

PLEASANTS, Associate Justice.—This suit was brought by appellees against the appellants to recover damages for an alleged breach of contract. The substance of the contract declared on is thus stated in the petition:

"On or about the —— day of August, 1902, plaintiff, at the special instance and request of defendant, undertook to make sales to their customers in Europe of lumber to be manufactured by defendant. Under the terms of this agreement the lumber sold by plaintiffs was to be delivered at Rotterdam or Hamburg, at a price named and accepted by plaintiffs and defendant, and for effecting such sales plaintiffs were to receive a commission of five percent on the gross price, and the further sum of $1.50 per 1,000 feet for inspecting and loading the lumber, which said sums, together with the freight on said lumber, were to be deducted from the contract price, and the balance paid to the defendant by plaintiffs.

"Plaintiffs further represent that the defendant, being unwilling itself to be known or appear in said transaction with the customers of plaintiffs, to whom plaintiffs sold, plaintiffs were required to, and did, effect said sales in their own names to said customers, though said sales by them were made upon the terms and stipulations of the defendant herein to deliver to them at the several times hereinafter stated the shipments of lumber hereinafter set out and described."

The petition then sets out the items and terms of various sales alleged to have been made by plaintiffs to their customers in Europe under their said agreement with the defendant. These sales, it is alleged, were each reported to the defendant by plaintiffs, and the terms and conditions of same accepted by the defendant. The total amount of lumber alleged to have been so contracted to be sold by plaintiffs was 1,200,000 feet.

It is then alleged that defendant failed to furnish for shipment any of the lumber so contracted to be sold by plaintiffs, and that they thereby suffered great damage and loss by reason of the fact that the price of lumber in Europe, at the time the lumber contracted to be delivered by plaintiffs should have been delivered, was much greater than the price at which defendant had contracted to sell same, and plaintiffs, being bound by their said contracts in Europe, were forced to pay to their customers there the difference between the contract price of the lumber and its market value at the time it should have been delivered.

The prayer of the petition is for the recovery of the amounts so paid by plaintiffs, together with their five percent commissions on the gross price at which they had contracted the sales. It is further alleged that plaintiffs, acting under their said agreement with the defendant, entered into a contract with Langbehn Bros., ship brokers at Galveston, Texas, for the transportation of said lumber to Europe, and that, by reason of defendant's said breach of its contract, plaintiffs could not comply with their contract with the ship brokers, and had thereby

become liable to them in damages in the sum of $925.83, and for this amount they also prayed judgment against the defendant.

The defendant answered by general and special exceptions, and general denial, and by several special pleas, the nature of which it is unnecessary to state. The trial in the court below was without a jury, and resulted in a judgment in favor of plaintiffs for $8,323.77 damages, $2,175.54 commissions, and the further sum of $925.83, the amount of plaintiffs' liability to Langbehn Bros.

From the foregoing statement of the cause of action asserted by plaintiffs it is seen that, to entitle them to recover thereon, they must prove that the several sales were actually made, as claimed by them, and that they paid the money claimed to have been paid by them in satisfaction of the damages sustained by their vendees by reason of the failure of the defendant to furnish the lumber. This proof was attempted to be made by the testimony of the plaintiff, C. R. Cummings. Upon direct examination, this witness stated, as facts, that said sales were actually made, and the sums claimed by plaintiffs as damages were paid by them on account of defendant's failure to deliver the lumber, but upon cross-examination it was developed that he was not in Europe, and had no personal knowledge of these facts, but relied entirely upon information conveyed in telegrams and letters received from Carl Gartner, his representative in Europe.

The cross-examination of this witness was lengthy, and it would serve no useful purpose to set out his testimony in full. The following extracts show conclusively that his statements, in regard to the sales of the lumber and the damages suffered by plaintiffs on account of defendant's failure to furnish the lumber, were purely hearsay.

"The only reason that I am demanding now this amount of $13,-267.39 from the Kirby Lumber Company is, that I have received advices from Carl Gartner that he has charged my account on the books with twelve thousand dollars, and that I have received advices from Langbehn Bros. that they have got a bill against me—that they have charged me with it, and I have got to pay. Part of that money that Gartner has got me charged with was commissions which was due to him—five percent on these sales, which is always customary; if you do not deliver the goods you have got to pay the commission anyway. I know that he has paid out that five percent, because he has charged it to me, and I have done business with him for twenty years; that five percent commission is not paid out by him; that is due him; that is always the understanding with the broker on the other side; I guess the commission would amount to three thousand or thirty-five hundred dollars; he sold these goods for me just the same as you would sell goods for me here; if I delivered them all right, and if you don't deliver them, I pay the commission anyway; if I accept the order the commission is due; I will have to pay him the five percent. I think the statements will show where the balance of the claim to make up twelve thousand dollars comes in; I got those figures from our books and from Carl Gartner; they are the amounts that Carl Gartner has charged me with."

Appellees did not purchase the lumber from appellant, and the latter did not agree to sell them the lumber. Under the contract alleged

they were only the agents for appellant to effect sales for it in Europe, and appellant could not have held them liable for damages in event the parties to whom they may have contracted to sell the lumber had refused to comply with their contract. This being true, they are not entitled to recover, as purchasers of the lumber, the difference between the contract and the market price; but, as before stated, their right of recovery depends upon proof that, as agents of appellant, they made the sales as alleged, and that, by reason of the failure of their principal to comply with his contract, they were damaged as claimed.

The testimony of the witness Cummings, as to the sales and the payments claimed to have been made by appellees on account of damages sustained by their vendees, because of defendant's failure to furnish the lumber for shipment, was objected to on the ground that it was hearsay, after it was developed on cross-examination that the witness had no personal knowledge of the facts. The assignment which complains of the ruling of the trial court in not sustaining this objection to the testimony must be sustained.

There being no other testimony as to these facts, the trial court necessarily based his judgment upon this testimony, and, it being inadmissible, its admission in evidence will require a reversal of the judgment even if it be conceded, as contended by appellees' counsel, that appellant's assignment of error, complaining of the judgment on the ground that it is not supported by any evidence, should not be considered.

What we have said as to the necessity of appellees proving the payment by them of the damages sustained by their vendees applies with equal force to their claim for the amount of Langbehn Bros.' claim. Under the contract sued on, appellees were acting as the agents of appellant in the whole transaction, and their undisclosed principal would be liable to Langbehn Bros. for any damages sustained by them by reason of its failure to deliver the lumber for shipment.

Such being the relations of the parties to each other, appellees should not be permitted to recover the amount of Langbehn Bros.' claim without showing that it had been paid or satisfied by them. Langbehn Bros. not being parties to this suit, they are in no way bound by the judgment herein, and, unless the appellees should pay them the amount recovered on account of their claim for damages, they could sue appellant and hold it liable therefor. Appellant can not be forced to pay their claim by a judgment which does not protect it against a subsequent liability for the same amount. (Otto Creek Lumber Co. v. McElwell, 37 Ill. App., 285.)

We are of opinion that the judgment of the court below should be reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*