**Robert C. Gould, Appellee, v. M. L. Tilton, Appellant.**

1. SURETYSHIP—*when proof of damnification essential to recovery.* If A assumes the obligation of B, as between A and B, B is the principal debtor; and before A can recover of B, he must show that he has been damnified by the failure of B to perform his obligation.

2. INSTRUCTIONS—*when, as to whether instrument became binding as a promissory note, proper.* *Held,* that an instruction was proper which was to the effect that although the defendant signed the note in question yet such signature alone would not make such note valid and that before such note would be valid it must further appear that the same was delivered to the payee with the intention that it should become a valid and binding instrument, and that if the jury found from the evidence that it was understood between the plaintiff and the defendant that such note should be signed by the defendant's wife before the same should become valid, then the said note never became a valid and binding instrument.

Assumpsit. Appeal from the Circuit Court of Wabash county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 15, 1911.

**Statement by the Court.** This suit in *assumpsit* was brought by appellee to recover of appellant, Tilton, the sum of $268.16, the amount of a bill of shoes bought by appellee from Friedman-Shelby Shoe Company, which was a part of a stock of goods located at Wayne City, Illinois, which was traded by appellee to appellant for certain houses and lots in Mt. Carmel, Illinois. The shoe bill had not been paid to Friedman-Shelby

Shoe Company at the time this suit was brought, by either appellant or appellee. Appellee claims that appellant assumed the payment of this bill when the trade was made; and that about two weeks after the trade was made appellant signed a note for the said amount payable to appellee on April 1, 1910, to show that appellant assumed this shoe bill; and that he, appellee, wrote in the note that it was given for the Friedman-Shelby Shoe bill, $268.16. Appellee also claims that when appellant shall have paid the shoe bill appellee is to return appellant the note; and that when appellant signed the note and gave it to him that he, after thinking the matter over, asked appellant to have his wife sign it, too, and that appellant promised to do so and return it, but that he never returned the note and told appellee he had destroyed it. Appellant denies that he assumed said debt; admits that he signed the note while having trouble with another man, but did not understand what he was signing; admits destroying the note, but claims that it was never delivered as a note. The declaration contained three counts, the consolidated common counts, a special count on the note in question, and a special count declaring on the contract by which the trade was consummated, averring a promise to pay appellee as a part of said contract said sum of $268.16 by April 1, 1910, and a failure to pay said sum as agreed. The trial below resulted in a judgment for appellee against appellant in the sum of $268.16.

P. J. Kolb, for appellant.

Howard P. French and Green & Risley, for appellee.

Mr. Justice Duncan delivered the opinion of the court.

The note in question, even if it be conceded that it was delivered as a promissory note, was clearly proved

to be merely a note to indemnify appellee against loss or damage in case he should have to pay to the said shoe company the said shoe account of $268.16. The note itself sufficiently disclosed this fact, and the evidence in the case clearly proves it without any controversy about it. Assuming also that appellant assumed this account and agreed to pay it, a fact which he strenuously denies, appellee could not recover upon either the note or the contract unless he should prove that he was damnified, that is, had paid the bill to the shoe company in money or property. As between appellee and appellant, assuming that appellant had agreed to pay this bill as a part of his contract and trade, appellant was the principal debtor while appellee's liability is only secondary. Moore v. Topliff, 107 Ill. 241; Harts v. Emery, 84 Ill. App. 317.

Before plaintiff can recover in this case on the supposed promise of appellant to pay said account, he must have paid the account in question to the shoe company, in money or its equivalent. Otter Creek L. Co. v. McElwee, 37 Ill. App. 285; Bonham v. Galloway, 13 Ill. 68; Darst v. Bates, 51 Ill. 439; Stevens v. Hurlburt, 25 Ill. App. 124. Therefore the court erred in refusing to give appellant's refused instruction No. 1 which is a good instruction based upon the doctrine laid down in the foregoing cases.

In an action upon an instrument of indemnity, the plaintiff must aver in his declaration and prove, that he has been damnified by having to pay. The measure of his damages in such case, if any, is the amount he had to pay on the claim against which he was indemnified. Israel v. Reynolds, 11 Ill. 218; Smith v. Riddell, 87 Ill. 165; Stevens v. Hurlburt, 25 Ill. App. 124.

The agent of the shoe company testified that appellant assumed this debt and agreed to pay it to the shoe company. The appellant denied making any such promise. We cannot settle this question and do not desire to comment further on the merits of the

controversy. However, it is clear that if appellee be allowed to recover under the state of the evidence in this record without proof that he is damnified, appellant would be made to take the risk of again paying it to the shoe company. The law as above stated is intended to relieve just such situations.

Appellant's refused instruction No. 2, to the effect that although the defendant signed the note in question, yet such signing alone would not make such note valid, and that before such note would be valid it must further appear that the same was delivered to the payee with the intention that the same should become a valid and binding instrument, and that if the jury found from the evidence that it was understood between the plaintiff and defendant that the note in question in this suit should be signed by the defendant's wife before the same should become valid, then the said note never became a valid and binding instrument, etc., stated the law correctly and it was applicable to the facts proved. This instruction was necessary to the proper presentation of the defendant's defense and it was error in the court to refuse it. As the case will have to be reversed, it will not be necessary to pass on the other errors assigned as the matters upon which they are predicated cannot possibly again arise in the consideration of the case.

For the errors indicated the judgment of the lower court is reversed, and the cause will be remanded.

*Reversed and remanded.*