National Slovak Society of the United States of America, for use of American Surety Company of New York, Appellant, v. John Matlocha, Appellee.

Gen. No. 41,379.

Opinion filed November 12, 1940.

JONES & ROOT, of Chicago, for appellant; RUPERT D. JONES and RUSSELL W. ROOT, of counsel.

JOHN A. BLAKO and LLOYD C. MOODY, both of Chicago, for appellee; EDWARD G. SCHULTZ, of Chicago, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

This is an appeal from an order of the trial court granting a new trial where the verdict of the jury was for plaintiff.

Defendant was a trustee of the plaintiff Slovak society. The American Surety Company gave its bond to indemnify the society against any pecuniary loss "from acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, or wilful misapplication" by defendant; the bond expired August 1, 1935.

As part consideration for the execution of the bond defendant executed an agreement to indemnify the American Surety Company against any loss, damage and charges it might sustain in connection with the execution of its bond.

March 8, 1938, the surety company brought suit against defendant alleging that the Slovak society had brought suit against it on its bond in the court of common pleas in Allegheny county, Pennsylvania, for $5,000, alleging this amount had been lost to the society by reason of the fraudulent conduct of defendant; that the surety company compromised this suit by paying the society $700 in settlement of the claim; that payment has been requested of the defendant of this sum, which he refuses to pay. Defendant's answer denied in general terms any indebtedness to plaintiff.

Upon trial before the jury plaintiff introduced in evidence the bonds and evidence of the payment by the surety company to the Slovak society of $700 in compromising the suit against it. Plaintiff then read to the jury, over the objection of defendant, certain resolutions and minutes of the Slovak society which recited, among other things, that in April, 1936, a committee of three was appointed to make an investigation of defendant and one other trustee. The

minutes recited that this committee was convinced defendant and the other trustee had "violated the rulings of the highest form of the organization when they did not use the means at their disposal by making investments for the National Slovak Society in socalled 'split-mortgages,' " and that they also accepted commissions, prohibited by the by-laws, from the Papanek-Kovac State Bank for purchased mortgages. The committee reported a fine of $25 assessed against each of the trustees and each was ordered to return a sum of money which it was said had been illegally accepted from this Papanek-Kovac State Bank. Plaintiff also introduced evidence tending to show that July 18, 1935, the surety company mailed a letter to defendant Matlocha at his address in Blue Island, Illinois, notifying him of the suit by the Slovak society on its bond and suggesting a conference regarding the matter. Defendant denied having received this letter.

The two trustees involved, including defendant, testified that they had always faithfully performed their duties as trustees and were not guilty of any misconduct; that they had voted against various transactions of the other officers of the Slovak society of which they did not approve; that April 15, 1933, they wrote a letter to the surety company asserting that the principal officers of the Slovak society had been guilty of illegalities with reference to the society's funds.

No cause of action arises on an indemnifying bond until it has been definitely ascertained that loss or damage has been sustained. *City of Chicago v. Siebert,* 244 Ill. App. 83; *Otter Creek Lumber Co. v. McElwee,* 37 Ill. App. 285; *Daugherty v. Alliance Casualty Co.,* 271 Ill. App. 71; *Gould v. Tilton,* 161 Ill. App. 142.

The resolutions and minutes of the society which were read to the jury were clearly incompetent as being merely hearsay. Moreover, it does not appear

who kept these minutes, and the findings as to the alleged irregularities of the defendant are indefinite and uncertain. We think there is point in the suggestion by defendant's counsel that the repeated use of the words in the resolutions and minutes, "Supreme Court of the National Slovak Society," had a prejudicial effect against defendant. The court should have sustained the objection to the reading of the resolutions and minutes.

Plaintiff argues that under the provisions of the indemnifying bond the surety company had the right to compromise any claim, and a voucher or other evidence of payment should be prima facie evidence of the liability of the defendant. Cases are cited holding that after judgment is rendered against the surety company the vouchers showing payment of the judgment are conclusive evidence against the principal of the extent of his liability. *United States Fidelity & Guaranty Co. v. Connors*, 222 Ill. App. 1. But in *United States Fidelity & Guaranty Co. v. Dickason*, 277 Ill. 77, the distinction is drawn between a judgment and a compromise of a claim of liability, and it was there said that if the surety company had settled before the validity of the claim had been adjudicated the burden would have been upon it in an action against its indemnitor to prove a valid and legal liability. In *Fidelity & Casualty Co. v. Eickhoff*, 63 Minn. 170, 65 N. W. 351, the effect of a provision in the bond that the indemnitor shall be liable for the amount of a compromise was considered and the court held such an agreement was against public policy, but that if the provision had been that the voucher or other evidence of payment shall be merely prima facie evidence of the extent of defendant's liability the court did not think it would contravene public policy.

In the instant case we hold the most that could be said of plaintiff's case is that its compromise with the Slovak society was prima facie evidence of the fact of

defendant's liability; that the testimony of defendant denying all charges of guilt or irregularity in the discharge of his duties stands uncontradicted.  Under such circumstances the verdict of the jury cannot stand and the judgment of the trial court granting a new trial is affirmed.

*Affirmed.*

O'Connor, P. J., and Matchett, J., concur.